## Pittsburg *v.* Coyle & Co., Appellants.

*Taxation—Brokers—Classification—Uniformity—Constitution.*

Where a municipality has the power to impose a tax upon brokers, it may tax merchandise brokers and real estate brokers without taxing other classes of brokers, and such a tax does not violate the constitutional provision that taxation shall be uniform.

Argued Oct. 31, 1894. Appeal, No. 120, Oct. T., 1894, by defendants, from judgment of C. P. No. 1, Allegheny Co., June T., 1893, No. 322, on case stated. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine validity of tax.

The case stated was as follows :

" 1. Section 4 of the act of Jan. 4, 1859, P. L. 828, Thomp-

son's Digest, page 264, provides as follows: ' The said councils are hereby empowered to levy, assess and collect for the use of the city, an annual business tax, not exceeding one third of one mill per dollar, on the average quarterly business of all forwarding and commission merchants, brokers, banks, banking institutions and on the average quarterly receipts of insurance companies, insurance agencies, express companies and telegraph companies doing business in said city and in case any cashier, treasurer, secretary or other officer of any corporation, association or company, the business whereof is made taxable under this act, shall feel aggrieved by any assessment made in pursuance of this act, that then the treasurer of said city, with the approbation of a majority of the finance committee of councils for the time being, shall have power to reduce the said assessment upon such cashier, secretary, treasurer or other officer, filing his or their affidavit in the office of the treasurer of said city, stating the amount and value of said capital stock or business, and the amount of the alleged over-assessment, which said affidavit may be made before the controller of said city.'

" 2. The 2d section of the act of April 15, 1867, P. L. 1258, Thompson's Digest, page 264, provides that the true intent and meaning of an act entitled, ' An act to enable the city of Pittsburg to raise additional revenue,' is, that the annual business tax authorized by said section shall be assessed and levied upon the estimated yearly business and yearly receipts of the persons, companies and institutions liable to said tax. And section three of said act of April 15, 1867, provides as follows : ' For the purpose of raising the necessary revenue to meet the interest and pay the debt and compromise bonds of said city, and defray the ordinary city expenses, the councils of said city, in making the annual levy of taxes, be and they are hereby authorized to adjust the rate of taxation upon the different subjects now liable, or that may hereafter be liable, to taxation for city purposes, in such a manner as they may think just and equitable, without regard to limitations and restrictions contained in the former acts of assembly.'

" 3. That, in accordance with the provisions of the act of assembly above referred to, and other acts of assembly relating to the government of the said city of Pittsburg, providing the

manner for raising sufficient revenue to meet the ordinary expenses of said city, to pay the interest on outstanding bonds, and to discharge all accrued and accruing liabilities of said city during the year 1892, the said councils of the said city of Pittsburg duly and legally passed an ordinance entitled, ' An ordinance levying taxes, assessing water rents, and making appropriations for the fiscal year beginning February 1, 1892,' which ordinance was approved by the mayor of said city on the 12th day of March, 1892 ; that said ordinance provides, inter alia, that there should be levied and assessed ' upon the gross commission or brokerage of all merchandise brokers, real estate brokers, forwarding and commission merchants, five mills upon each dollar of said commission or brokerage.'

" 4. That the defendants above named are now, and have been for several years last passed, engaged in the business of negotiating sales of real estate and loans on mortgages, renting houses, leasing lands and collecting rents, their office or place of business being in the St. Nicholas building, in the second ward of said city ; that the defendants, on or about the 1st day of April, 1892, made a report in writing to the assessors of said city, a copy of which report is hereto attached, and marked ' Exhibit A,' showing the gross amount of commissions or brokerage received by them from April 1, 1891, to April 1, 1892, to be $5,500, which amount was estimated by the assessors of said city of Pittsburg to be the gross amount received by defendants as commissions or brokerage during the fiscal year beginning February 1, 1892, and a tax of five mills, in pursuance of the acts of assembly and ordinances of said city relating thereto, was duly levied and assessed against said defendants on said sum of $5,500, which said tax amounts to $27.50 ; that the said tax has not been paid by defendants, and is now, in accordance to law, in the hands of William R. Ford, Esq., the collector of delinquent taxes of said city, for collection.

" 5. It is further agreed that both parties hereto shall have the right to refer to all acts of assembly of the commonwealth, and ordinances of the city of Pittsburg, relating to the subject-matter, as if specially herein incorporated, and it is further agreed that either party shall be entitled to a writ of error and all other remedies not herein expressly waived.

" If the court shall be of the opinion, upon the facts stated, that the defendants are liable for the payment of the tax assessed upon their commissions or brokerage, then judgment is to be entered for the plaintiff for the sum of $27.50 and collector's commission of five per cent, but if the court shall be of the opinion that the defendants are not liable for the payment of the tax assessed upon their receipts for commissions or brokerage, then judgment to be entered in favor of defendants, with full costs in either case."

The court entered judgment for plaintiff on the case stated, in an opinion by SLAGLE, J.

*Error assigned* was entry of judgment as above.

*J. S. Ferguson, E. G. Ferguson* with him, for appellants, cited: Drexel v. Com., 46 Pa. 40; Banger's Ap., 109 Pa. 79.

*Robert S. Frazer, William C. Moreland,* city solicitor, with him, for appellee, cited: Acts of Jan. 4, 1859, § 4, P. L. 828; April 15, 1867, §§ 2, 3, P. L. 1258; April 10, 1849, § 18, P. L. 573; May 15, 1850, § 7, P. L. 773; Bank v. Pittsburg, 37 Pa. 340; Hadtner v. Williamsport, 15 W. N. 139; Allentown v. Gross, 132 Pa. 322; Germania Ins. Co. v. Com., 85 Pa. 513; Fox's Ap., 112 Pa. 337; Com. v. Lackawanna Iron & Coal Co., 129 Pa. 359; Com. v. William Mann Co., 150 Pa. 64; Com. v. Brewing Co., 145 Pa. 83; Durach's Ap., 62 Pa. 491; Hawes Mfg. Co.'s Ap., 1 Mona. 353.

OPINION BY MR. JUSTICE GREEN, Nov. 13, 1894:

It cannot be doubted, and is not really contested, that the acts of Jan 4, 1859, P. L. 828, and April 15, 1867, P. L. 1238, conferred upon the city councils the power to levy the tax in question. The ordinance of March 12, 1892, passed by the councils, was a lawful exercise of that power, and the only question in dispute is whether, in imposing a brokerage tax upon two designated classes of brokers, and not upon all other classes of brokers, the provision of the constitution of 1874 which directs that taxation shall be uniform upon the same class of objects within the territorial limits of the authority levying the tax, is contravened. We are unable to see that there is any

violation of that provision in this case. It is true that two classes of brokers only are named, to wit, merchandise brokers and real estate brokers, but all the members of each class are taxed alike. There might be very sufficient reasons for taxing· the business of stock brokers either by an act of the legislature or by an authorized municipal ordinance, yet it could hardly be contended that such taxation would be void if all other classes· of brokers were not included.

In a very able opinion by Judge McPHERSON of Dauphin Common Pleas, in the case of Com'th v. Germania Brewing Co., 145 Pa. 83, the whole subject of classification in taxation was thoroughly reviewed. The entire opinion was adopted by this court on appeal. We there held that the provision of the act of June 30, 1885, P. L. 199, which excepted manufacturers of liquor and gas from the general exemption of manufacturing companies from taxation, was not in conflict with the constitutional provision requiring uniformity of taxation. Said Judge McPHERSON in the opinion: "Doubtless all corporations of every kind may for some purposes be put into one class; so may all manufacturing corporations; but this is not the limit of proper divisibility. Manufacturing corporations are themselves of diverse kinds depending on their respective business;· and we can see no reason, and have heard of none, why the legislature may not, if it please, put into one class and tax it, the companies which manufacture liquor and gas, while it leaves all other manufacturing companies untaxed."

In Roup's Case, 81* Pa. 211, passing upon the constitutional validity of an act which classified real estate into three different classes subjecting them to different rates of taxation, we held that "the power to classify the subjects of taxation is not taken away by the new constitution."

In Germania Life Insurance Co. v. Commonwealth, 85 Pa. 513, we said: "We are of opinion that under the 9th article of the new constitution, the legislature has power to classify the subjects of taxation, and that foreign insurance companies may· be placed in a class by themselves, and distinct from domestic insurance companies, and may be taxed independently and differently."

In many other cases the power of the legislature to classify the subjects of taxation and tax the classes differently, without

violating the constitutional provision, has been affirmed by this court, but it is unnecessary to extend the citations. In this case the subject of taxation being brokers, and there being many different kinds of brokers, we are of opinion that the classification of the different kinds and the taxation of some of them, constitute a lawful exercise of the taxing power, although there may be other classes of brokers that are not taxed. It is almost needless to add that we do not regard this tax as an income tax.

Judgment affirmed.