HUNT v. THE FARMERS' INSURANCE COMPANY.

1. **Justices' Courts:** JURISDICTION OF NON-RESIDENT INSURANCE COMPANIES: CODE, §§ 2584, 3507. Section 2584 of the Code confers jurisdiction upon a justice of the peace of an action brought on a policy of insurance insuring property within his county, where the loss occurs, although the principal office or place of business of the insurance company is in another county. Code, § 3507, distinguished.

*Appeal from Humboldt Circuit Court.*

WEDNESDAY, OCTOBER 7.

ACTION upon a policy of insurance, commenced before a justice of the peace. The suit was dismissed because it was not brought in the county where the defendant actually resided.

The judgment of the justice was affirmed by the circuit court, and the plaintiff appeals.

*J. C. Raymond*, for appellant.

*Prouty & Taft*, for appellee.

SEEVERS, J.—We are required to determine the following question: "Does section 2584 of the Code confer jurisdiction upon a justice of the peace in an action brought on a policy of insurance insuring property within his county, and where the loss occurred, when the principal office or place of business of the company is in another county than where the justice resides?"

Section 2584 of the Code is in these word: "Insurance companies may be sued in any county in which is kept their place of business, in which was made the contract of insurance, or in which the loss insured against occurred." That this section is broad enough to include actions before a justice of the peace we think must be conceded, unless there is some other statute which forbids that such a construction should be adopted. The powers and jurisdiction of justices of the peace are defined in title 21 of the Code, and it is therein provided that justices of the peace do not have jurisdiction over actual residents of some other county, except as provided in said chapter. Code, § 3507.

Section 2584 forms a part of title 17 of the Code, but it originally was a part of chapter 95 of the acts of the Fourthteenth General Assembly. The title of chapter 95 is "An act providing the place of bringing suits in certain cases," and consists of five sections, three of which are now sections 2582, 2583 and 2584 of the Code. It cannot be doubted that these sections embraced actions before a justice of the peace, for the language employed clearly includes all courts and all suits in whatever court brought. This being so, the mere fact that the codifiers placed the statute enacted in 1872

in title 17 of the Code, and such codification was adopted by the General Assembly, should not have the effect to limit the scope and meaning of the statute. If the section be now read and construed by itself, it clearly embraces suits before justices of the peace; and, as it was enacted since section 3507 of the Code, and then was again re-enacted when the Code was adopted, and while each title of the Code was separately enacted, still the whole Code should, for the purposes of construction, be regarded as having been enacted at the same time, and therefore sections 2584 and 3507 must be read and construed together, and such construction must be adopted, if consistent with the language used, as will give force and effect to both sections. This being done, it is clear that section 2584 cannot have full force and effect unless justices of the peace have jurisdiction of actions against insurance companies in the cases contemplated in the statute. Therefore section 3507 should be limited to natural persons who are actual residents of some other county than that in which the justice resides.

We are of the opinion that the foregoing questions must be answered in the affirmative.

REVERSED.