250        SUPREME COURT OF IOWA,

The Iowa Union Telephone Co. v. The Board of Equalization of Oskaloosa.

## The Iowa Union Telephone Co. v. The Board of Equalization of The City of Oskaloosa.

1. **Taxation:** TELEPHONE PROPERTY: HOW ASSESSED. The lines and property of telephone companies are to be assessed in the manner provided for the assessment of telegraph lines and property; that is, by the state board of equalization; (Chap. 59, Laws of 1878;) and the board of equalization of a city has no power to assess the same.

*Appeal from Mahaska Circuit Court.*

THURSDAY, OCTOBER 22.

THE plaintiff is a corporation operating telephone lines, its principal place of business being in the city of Davenport. It does business, however, in the city of Oskaloosa, from which different lines radiate, and it has what is called a central office in that city, by which is meant the central office of a district, denominated an exchange. The board of equalization of the city of Oskaloosa assessed the property of the company at $2,000. From that assessment the company appealed to the circuit court, and the court reduced the assessment and fixed the same at $260. From the order thus reducing the assessment the defendant appeals. From the order fixing the assessment at $260 the plaintiff appeals. The defendant perfected its appeal first.

*James A. Rice*, for appellant.

*J. F. & W. R. Lacey*, for appellee.

ADAMS, J.—The court assessed only the property within the city. The defendant contends that the court should have assessed all the property of the company within the county, and also that it should have assessed the property within the city higher than it did. The plaintiff contends that the court erred in assessing the property at all. Its position is that

telephone lines and property should be assessed in the mode provided for assessing telegraph lines and property; (Chap. 59, Laws of 1878; Miller's Code, 365;) and we have to say that we think that its position must be sustained. Both the telephone and telegraph are used for distant communication by means of wires stretched over different jurisdictions. The fundamental principle in each by which communication is secured is the same. It was held in *Wisconsin Telephone Co. v. City of Oshkosh*, 62 Wis., 32; S. C., 21 N. W. Rep., 828, that a statute authorizing the formation of corporations for building, owning and operating telegraph lines was sufficient to authorize the formation of corporations for building, owning and operating telephone lines, the decision being based upon the identity of the principle by which communication in each case is secured. See, also, in this connection, *Attorney-general v. Edison Telephone Co.*, 6 Q. B. Div., 244. It is not to be denied, probably, that the telephone service is more restricted as a means of communication; but the difference in this respect is not such, we think, as to render inapplicable the mode of taxation provided for telegraph companies.

It follows that on the defendant's appeal the judgment must be affirmed and on the plaintiff's appeal reversed.