## FRANKLIN v. THE NORTHWESTERN TELEPHONE CO.

1. **Justices' Courts:** JURISDICTION: SUITS AGAINST TELEPHONE COMPANIES. Telephone companies, for the purposes contemplated by § 2582 of the Code, are to be considered as telegraph companies; (compare *Telephone Co. v. Board of Equalization*, 67 Iowa, 250;) and under that section justices of the peace may entertain suits against such companies in any county through which their lines pass or are operated, where the amount in controversy is within their jurisdiction. The reasoning in *Hunt v. Farmers Ins. Co.*, 67 Iowa, 742, followed.

*Appeal from Harrison Circuit Court.*

MONDAY, JUNE 14.

ACTION to recover for labor rendered by plaintiff for the defendant under a written contract. The action was brought originally before a justice of the peace of Harrison township, Harrison county. Judgment was rendered for the plaintiff.

An appeal was taken by the defendant to the circuit court, and judgment was again rendered for the plaintiff. The defendant appeals to this court.

*J. W. Barnhart*, for appellant.

*Charles Mackenzie* and *S. H. Cochran*, for appellee.

ADAMS, CH. J.—The case involves less than $100, and comes to us upon a certificate of appeal. The questions presented pertain to the jurisdiction of the justice of the peace, and to the jurisdiction of the circuit court. The defendant is a corporation organized under the laws of Iowa, and having its principal place of business in Ida county; and it contends that neither the justice of the peace of Harrison county nor the circuit court of Harrison county had jurisdiction to try the case. Sections 3507 and 3513 of the Code provide that the jurisdiction of a justice of the peace does not embrace suits for the recovery of money against actual residents of any other county, except that, upon written contracts stipulating for payment at a particular place, suit may be brought in the township where the payment was agreed to be made. The defendant, being a corporation organized under the laws of Iowa, and having its principal place of business in Ida county, is to be regarded as a resident of that county. The contract sued on does not provide for payment at a particular place. Such being the facts, the justice of the peace manifestly did not have jurisdiction, unless the jurisdiction was conferred by other provisions.

Section 2582 of the Code provides that actions may be brought against telegraph companies in any county through which the line passes or is operated. In the case at bar it was shown that the defendant's line, though not open for general business, passed through Harrison county, and was operated in that county. In *Telephone Co. v. Board of Equalization*, 67 Iowa, 250, it was held that a telephone company was to be regarded, for the purposes of taxation,

as coming under the denomination of a telegraph company, within the meaning of the statute. We are not able to see why the reasoning, as applied to that case, based upon the substantial identity of telegraphic and telephonic modes of communication, would not be applicable to this. If we are correct in this, a telephone company may be sued in any county through which the company's line passes, and it would not be disputed that the district and circuit courts of the counties would have jurisdiction of such suits. Whether a justice of the peace would have jurisdiction is one of the questions controverted; but it appears to us that, under the reasoning in *Hunt v. Farmers' Ins. Co.*, 67 Iowa, 742, he would. If the justice of the peace had jurisdiction, as we think he did, it follows that on appeal the circuit court had jurisdiction.

AFFIRMED.