CASE 59.—PROSECUTION AGAINST GEORGE WALTON FOR A VIOLATION OF THE REVENUE LAW IN RUNNING A HACK LINE WIHTOUT A LICENSE.—September 27.

# Commonwealth v. Walton

Appeal from Barren Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Defendant acquitted and Commonwealth appeals.— Affirmed.

Licenses—Hack Lines—What Constitutes.—That defendant's hacks or other similar vehicles regularly met railway trains at a station, and for hire transported passengers in that town, was not the operation of a hack line, within the revenue law of March 15, 1906 (Acts 1906, p. 200), requiring the payment of a license to run a hack line.

N. B. HAYS, Attorney General; C. H. MORRIS and D. A. McCandless for appellant.

BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

This is a prosecution against George Walton to collect a fine for violating that provision of the revenue law, approved March 15, 1906, which requires the payment of a license to run a hack line. The language of the statute is as follows: "On each regular hack, stage or automobile line for public use, operated for not less than one month, and where a fare is charged and collected, ten dollars." Acts 1906, p. 200. The case was tried in the circuit court on an agreed statement of facts, which shows that the appellee was in the livery business in Glasgow, Ky., and that he owned hacks and other public conveyances which he let out for hire. These hacks, or other vehicles of a similar kind, regularly met the railroad trains bringing passengers to Glasgow; it being usual for the hacks to be at the depot, which is some distance from the main part of the town, wait until the trains come in, and then for hire transport passengers to such parts of the city as they desired to go. This business had been carried on by the appellee for more than one month prior to the institution of this prosecution.

The question is whether this business constitutes the operation of a hack line within the meaning of the statute. The trial court held that it was not, and dismissed the warrant against the appellee. In this judgment, we concur. The statute is not aimed at the operation of hacks, stages, or automobiles within a municipality. To go to the depot in search of customers is no more operating a hack line than to go to a regular hack stand and there wait customers. It

seems to us that the word "line," in the connection in which it is used in the statute, has a significance different from that sought to be given it here. "Stage line," "railroad line," and "automobile line" are expressions which are ordinarily understood to mean a regular line of vehicles for public use operated between distant points, or between different cities, and do not include hacks, stages, and automobiles which merely operate from point to point in one city for the transportation of the public. We have been cited to no authority upholding the contention of the Commonwealth in this case. The learned judge of the circuit court was of opinion, as said before, that the business described above did not constitute a hack line within the meaning of the statute, and in this we concur.

Judgment affirmed.