# Commonwealth *v.* Quaker City Cab Co., Appellant.

*Taxation—Classification—Taxicab companies — Transportation company—Ejusdem generis rule—Act of June 1, 1889, P. L. 420— Contemporary interpretation — Double taxation — Constitutional law—Due process—Uniformity of taxation.*

1. A taxicab company is a "transportation company" within the meaning of those words in the Act of June 1, 1889, P. L. 420, and as such is subject to a tax on its gross receipts as provided by that act.

2. The fact that taxicab companies were not in existence at the date of the act is immaterial.

3. The statute is prospective and expressed in broad language so as to embrace such companies when formed and operated as common carriers.

4. A statute should be construed primarily by its language and the legislature is presumed to have used words in their ordinary signification.

5. It cannot be contended that the general words "every other company" as used in the Act of 1889, should be taken with reference to the preceding particular language, and be confined to companies of like character, under the rule of ejusdem generis.

6. A taxicab is not of a nature so substantially different from the instrumentalities expressly mentioned as to be excluded therefrom.

7. The fact that for eighteen years after the advent of taxicab companies, taxes were not assessed against them under the Act of 1889, is an administrative construction favorable to the company sought to be taxed, but cannot prevail against the plain language of the statute.

8. Contemporary interpretation may make plain that which is doubtful, but cannot make doubtful that which is plain.

9. In construing the Act of 1889, the fact that the legislature in 1923 refused to amend the Act of 1889 so as to expressly include taxicabs, is immaterial; as is also the fact that in 1925, it struck out taxicabs when amending the earlier act.

10. The Act of June 1, 1889, P. L. 426, levying a county tax on "hacks, cabs and other vehicles used for transporting passengers for hire," has no bearing on the construction of the Act of June 1, 1889, P. L. 420, imposing a state tax on gross receipts. The two acts do not involve double taxation.

11. The Act of 1889 construed as imposing a state tax on taxicab companies, is not unconstitutional as violative of section 1, article IX, of the Constitution relating to uniformity of taxation, nor of section 1 of the 14th Amendment of the Federal Constitution relating to due process of law and equal protection of the laws.

12. The fact that individuals who engage in the taxicab business are not taxed, is immaterial, inasmuch as the legislature has the right to classify for purposes of taxation.

13. The provision of the Act of June 15, 1911, so far as it gave a different method for the collection of debts due the Commonwealth by corporations from those due by individuals, has no reference to classification for purposes of taxation.

Argued May 25, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 24, May T., 1926, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket 1925, No. 142, for Commonwealth, on appeal from tax settlement, in case of Commonwealth v. Quaker City Cab Co. Affirmed.

Appeal from tax settlement. Before WICKER-SHAM, J.

The opinion of the Supreme Court states the facts. Judgment for Commonwealth. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*Douglass D. Storey,* with him *Powell, Ludlow & Schaeffer* and *Hause, Evans & Baker,* for appellant.—A taxing statute must be construed strictly as against the Commonwealth: Com. v. Water & Power Co., 271 Pa. 456; Callery's App., 272 Pa. 257; Schwab v. Doyle, 258 U. S. 529.

The phraseology and different sections of the Act of 1889 show that the legislature classified common carriers into two distinct groups and that taxicab companies do not belong to the group classified in section 23: Com. v. Transit Co., 28 Dauphin Co. R. 240.

A taxicab company is not a "transportation company": Boyle v. R. R., 54 Pa. 310; Com. v. R. R., 145 Pa. 38; Com. v. R. R., 145 Pa. 200.

A taxicab company is not within the meaning of the phrase "every other company...... owning, operating or leasing any railroad, pipe line, slackwater navigation, street passenger railway or other device for the transportation of freight or passengers or oil": Com. v. R. R., 27 Pa. 339; Scranton Elec. L., H. & P. Co.'s App., 122 Pa. 154.

The administrative interpretation of section 23 proves that said section does not apply to taxicab companies: Com. v. Mann, 168 Pa. 290; Com. v. Allegheny County, 168 Pa. 303; Price v. Lancaster County, 7 Pa. Superior Ct. 119.

If section 23 be construed to apply to appellant, it is unconstitutional: Fox's App., 112 Pa. 337; Schoyer v. Oil & Refining Co., 284 Pa. 189; Com. v. Light & Power Co., 284 Pa. 175.

*John Roberts Jones,* Special Attorney, with him *George W. Woodruff,* Attorney General, for appellee.— Automobiles, in which term are included taxicabs, limousines and touring cars, are vehicles or devices for the transportation of persons and freight: Donnelly v. Ry., 53 Pa. Superior Ct. 78; Com. v. Hawkins, 14 Pa. Dist. R. 592; Newman v. Arthur, 109 U. S. 132.

The words, "other device for the transportation of freight or passengers," are intended to reach any other method than that in use by the companies already specified in the section: Columbia Conduit Co. v. Com., 90 Pa. 307.

Though the tax was confined solely to corporations, the legislature had constitutional authority to classify corporations for purposes of taxation: Dupuy v. Johns, 261 Pa. 40; Schoyer v. Oil & Refining Co., 284 Pa. 189.

*Charles K. Robinson,* for Pittsburgh Transportation Co., with him *Frank W. Stonecipher,* for Yellow Cab Company.

OPINION BY MR. JUSTICE WALLING, June 26, 1926:

In 1917 the Pennsylvania Public Service Commission granted the defendant, Quaker City Cab Company, a New Jersey corporation, a certificate of public convenience; since which time it has been engaged in carrying passengers and their luggage for hire in the City of Philadelphia, where it operates some three hundred and twenty-five taxicabs and fifty limousines and touring cars. Each cab and car is propelled by its own power and operated on the city streets by a driver; the amount of fare is regulated by the distance traveled or time consumed. They have no fixed termini but some fifty stands throughout the city where they can be found or called by telephone; they also pick up passengers anywhere. The taxicab is the outgrowth of the automobile and came into general use about 1905, gradually superseding hacks and bus lines. Early in 1924 the auditor general,

approved by the state treasurer, settled and assessed a
tax against defendant of eight mills on the dollar of its
gross income, inter alia, for the six months ending De-
cember 31, 1923.  Defendant appealed therefrom to the
Court of Common Pleas of Dauphin County where by
agreement the case was heard by the court without a
jury, and the tax sustained in a very exhaustive opinion,
reported in 29 Dauphin Co. R. 90.  Thereupon defend-
ant brought this appeal.

The tax was properly assessed under section 23 of the
Act of June 1, 1889, P. L. 420, 431, which provides, inter
alia, "That every railroad company, pipe line company,
conduit company, steamboat company, canal company,
slack water navigation company, transportation com-
pany, street passenger railway company, and every other
company, joint stock association or limited partnership,
now or hereafter incorporated or organized by or under
any law of this Commonwealth or now or hereafter
organized or incorporated by any other state......and
doing business in this Commonwealth, and owning, oper-
ating or leasing to or from another corporation, com-
pany, association, joint stock association or limited
partnership, any railroad, pipe line, slack water navi-
gation, street passenger railway, canal or other device
for the transportation of freight or passengers or oil
......shall pay to the state treasurer a tax of eight
mills upon the dollar upon the gross receipts of said cor-
poration, company or association, limited partnership,
firm, or copartnership, received from passengers and
freight traffic transported wholly within this State."

A statute should be construed primarily by its lan-
guage and the legislature is presumed to have used
words in their ordinary signification: Boyle v. Phila.
and Reading R. R. Co., 54 Pa. 311.  Here the language is
plain.  True, taxicab companies are not mentioned, for
the obvious reason that in 1889 there were none.  But
the statute is prospective and expressed in broad lan-
guage so as to embrace such companies when formed and

operated as common carriers. "A general law may, and frequently does, originate in some particular case or class of cases which is in the mind of the legislature at the time, but so long as it is expressed in general language the courts cannot, in the absence of express restrictions, limit its application to those cases, but must apply it to all cases that come within its terms and its general purpose and policy. Hence statutes framed in general terms apply to new cases that arise, and to new subjects that are created, from time to time, and which come within their general scope and policy. It is a rule of statutory construction that legislative enactments in general and comprehensive terms, prospective in operation, apply alike to all persons, subjects and business within their general purview and scope coming into existence subsequent to their passage. Thus, an automobile may come within the provisions of an act relating to vehicles generally, although the statute was passed before the invention of automobiles; and an act passed before moving pictures came into vogue to prohibit the opening of places of amusement on Sunday may be applied to moving picture shows if the terms of the statute are broad enough to embrace such places of amusement": 25 R. C. L. p. 778. The express provisions of the statute in question lead to this conclusion. It mentions transportation companies and we, having held in Columbia Conduit Co. v. Com., 90 Pa. 307, that under similar prior statutes a pipe line company carrying oil was a transportation company, it is difficult to see why a taxicab company transporting passengers is not. The case just cited answers appellant's contention that the words "transportation company" refer merely to a company carrying freight or passengers over the lines or facilities of another company; and see Monongahela Navigation Co. v. Com., 66 Pa. 81. Again, the words "and every other company," following the designation, inter alia, of "street passenger railway company" operating any railroad, etc., or other device for the transportation of

freight or passengers or oil, shall pay the state treasurer, etc., clearly embrace a taxicab company, which is a company using certain devices, to wit, motor cars and public streets, for the transportation of passengers. The real subject of the tax is the gross receipts of a company engaged in the transportation of freight or passengers and to hold that the transportation must be on definite tracks and between fixed termini would tend to thwart the manifest purpose of the statute; and that it includes steamboats, negatives the contention that it applies only to a carriage upon tracks or between fixed termini. It is difficult to suggest a reason why a railway or street car company transporting passengers from one part of Philadelphia to another should bear a burden from which a taxicab company performing a like service is exempt.

We have considered the contention so earnestly urged that the general words "every other company" should be taken with reference to the preceding particular language and be confined to companies of like character, under the rule of ejusdem generis. The rule, as a general proposition, is sound, but a taxicab is not of a nature so substantially different from the instrumentalities expressly mentioned as to be excluded therefrom. For example, a street car and a taxicab each carries passengers for hire, each uses the public streets and whether the motive power is gasoline or electricity, or whether it travels on a fixed track or on the general pavement, is not of controlling importance; both are devices for the accomplishment of the same end. In Com. v. Hawkins, 14 Pa. District R. 592, Mr. Justice FRAZER, then President Judge of the courts of Allegheny County, construing a statute authorizing the municipality to impose a license fee on wagons, carts, cars, drays, coaches, omnibuses and every other description of carriages, held it included automobiles, although unknown when the statute was enacted. In the course of the opinion he says: "That they [automobiles] were unknown when the Act of 1868 was passed, is not material. If they are car-

riages 'of any description,' the city has the right to regulate and license them, as we find nothing in the act limiting the power of the municipality to the different classes of vehicles at that time in general use. An automobile being essentially a carriage, we know of no reason why such vehicles should be exempt from license and regulation when other 'carriages' are subject to the same." Of like import is Newman v. Arthur, 109 U. S. 132, 27 L. Ed. 883, where the court says, inter alia: "The fact that, at the date of the passage of the act, goods of the kind in question had not been manufactured, cannot withdraw them from the class to which they belong, as described in the statute, where, as in the present case, the language fairly and clearly includes them."

That for eighteen years after the advent of taxicab companies taxes were not assessed against them under the act in question is an administrative construction favorable to defendant, but cannot prevail against the plain language of the statute. The state cannot be prejudiced by the neglect of its officers to settle and assess a tax: Delaware Division Canal Co. v. Com., 50 Pa. 399. Moreover, contemporary interpretation may make plain that which is doubtful but cannot make doubtful that which is plain. See Penna. R. R. Co. v. International Coal Co., 230 U. S. 184. Where the language is doubtful such interpretation may be resorted to (see Com. v. Paine, 207 Pa. 45; Com. v. Mann et al., 168 Pa. 290), but not where it is unequivocal: Newman v. Arthur, supra. That the legislature in 1923 refused to amend the Act of 1889 so as to expressly include taxicabs is of no moment, nor is the fact that in 1925 it struck out taxicabs when amending the earlier statute. We are construing the Act of 1889, not that of 1925. Statutes, as above stated, must be construed primarily by their language, not by what the members of the legislature said who enacted them (see Bank of Penna. v. The Com., 19 Pa. 144), much less by what

members of the legislature said about them thirty-five years later. The history of an enactment, however, may be considered: Miles's Est., 272 Pa. 329; In re Lis' Est., 139 N. W. (Minn.) 300. That the tax commission in 1923 recommended the enactment of a statute covering a tax on gross income, especially naming taxicab companies, is merely expressive of the thought of that commission and could not influence the auditor general or the courts.

Section 14 of the Act of June 1, 1889, P. L. 426 (changed by subsequent legislation), authorizes the levying of a county tax of three mills on the value thereof on "hacks, cabs and other vehicles used for transporting passengers for hire, except steam and street passenger railway cars." It is, however, of no moment here whether taxicabs fall within the designation of hacks, cabs, etc., for that imposes a local tax on property, while section 23 imposes a state tax on business or income, so it is not double taxation, although such may be imposed by express authority of the legislature: Com. v. Harrisburg L. & P. Co., 284 Pa. 175.

Appellant contends the statute under which the tax was assessed, as construed by the trial court, is unconstitutional as violative of section 1 of article IX of the state Constitution, which requires uniformity of taxation on the same class of subjects, and also of section 1 of the 14th Amendment to the federal Constitution which provides, inter alia, that no state shall "deprive any person of life, liberty and property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." This contention is based on the assertion that individuals engaged in a like taxicab business are not subject to the tax; whether they are is not shown and in any event is immaterial, as the right to classify for purposes of taxation is well settled: Schoyer et al. v. Comet Oil & Ref. Co., 284 Pa. 189, 198 and cases there cited. Under this right corporations may be placed in a class separate from indi-

viduals and so taxed: Com. v. Sharon Coal Co., 164 Pa. 304; Com. v. Brewing Co., 145 Pa. 83; Com. v. Delaware Div. Canal Co., supra; and see Seabolt v. Commissioners, 187 Pa. 318. It is sufficient if all corporations of like character fall within the statute (see Dupuy v. Johns et al., 261 Pa. 40, 48) and it is uniformity of taxation according to the classification made that is required: Com. v. Del. Div. Canal Co., supra; Com. v. Edgerton Coal Co., Ltd., 164 Pa. 284. The 14th Amendment to the United States Constitution was not intended to compel the State to adopt an iron rule of equal taxation: St. Louis S. W. Ry. v. Kansas, 235 U. S. 350, 366; American Sugar Refining Co. v. Louisiana, 179 U. S. 89; Bell's Gap R. R. Co. v. Pennsylvania, 134 U. S. 232; Knisley v. Cotterel, 196 Pa. 614.

It would unduly prolong this opinion to discuss all other legislation, which it is claimed affects the construction of that here in question, or to refer to all the authorities which the industry of able counsel has brought to our attention. We might say, however, that the provision of the Act of June 15, 1911, which we condemned in Schoyer et al. v. Comet Oil Ref. Co., supra, so far as it gave a different method for the collection of debts due the Commonwealth by corporations from those due by individuals, had no reference to classification for purposes of taxation. We find nothing in any of the statutes or authorities cited to create a doubt as to the correctness of the conclusions of the trial court. We have not overlooked the rule that in construing a tax statute the taxpayer must receive the benefit of the doubt (Schwab v. Doyle, 258 U. S. 529; Com. v. Pa. W. & P. Co., 271 Pa. 456), but here we have none. As the emergency profits tax, assessed against defendant for 1923, was remitted by the auditor general, it drops out of the case.

The judgment is affirmed.