BRUCE TRANSFER COMPANY, Petitioner, v. GEORGE A. JOHNSTON, Judge, Respondent.

No. 44897.

*AUGUST 1, 1939.*

REHEARING DENIED NOVEMBER 17, 1939.

Stipp, Perry, Bannister & Starzinger, for petitioner.

E. K. Jones, for respondent.

OLIVER, C. J.—Petitioner, Bruce Transfer Company, is an Iowa corporation with its principal place of business in Polk county. As a common carrier it was operating a line of motor vehicle freight trucks of semitrailer type upon a fixed schedule and over a regular route, with Des Moines, Iowa, and Kansas City, Missouri, as termini. Suit was instituted against petitioner in the district court of Clarke county, Iowa, for damages resulting from a collision between an automobile and one of said trucks travelling over a public highway through said county upon said regular route. Petitioner had no office or agency in said county, venue therein being based solely upon section 11041, Code of Iowa 1935, which permits the bringing of an action against certain common carriers "in any county through which such road or line passes or is operated." Contending that the statute was not applicable to a company engaged only in the operation of motor freight trucks, Bruce Transfer Company moved for change of venue to Polk county. The motion was overruled by the trial court, whereupon said company, as petitioner, instituted herein this original action in certiorari to test the legality of said ruling.

But one question is involved, viz: were the operations of Bruce Transfer Company of such character that the venue in said action was correctly fixed in Clarke county? Solution of this question rests upon the meaning of the aforementioned statute which reads as follows:

"11041. Common carriers—transmission companies. An action may be brought against any railway corporation, the owner of stages, or other line of coaches or cars, express, canal, steamboat and other river crafts, telegraph and telephone companies, or the owner of any line for the transmission of electric current for lighting, power, or heating purposes, and the lessees, companies, or persons operating the same, in any county through which such road or line passes or is operated."

Among other things, the statute refers to "any railway corporation, the owner of stages, or other line of coaches or cars". This clause has been a part of the statute in substantially the same form ever since 1872, and since 1897 has been unchanged. Motor cars, trucks or trailers have never been specifically named therein. Therefore, interpretation is necessary to determine whether or not the intendment of the legislature as expressed in the statute included operations of the character of those conducted by petitioner.

Obviously this interpretation should be made as of the times when the provisions in question were adopted in order that the surrounding conditions and the apparent purposes of the legislation as well as the contemporary meaning of words used may be properly taken into account. Cherokee v. N. W. Bell Telephone Co., 199 Iowa 727, 202 N. W. 886; Platt v. Union P. R. Co., 99 U. S. 48, 25 L. Ed. 424; 59 C. J. 1014, 1015.

During that period the only general mechanized means of transporting freight and passengers overland was by conveyances travelling upon rails. Practically all vehicles using roads and highways were drawn by animals. Few people, if any, envisioned the tremendous changes in highway traffic which were to result from automotive development. The legislatures could not have foreseen that concerns such as petitioner would one day be operating as common carriers of passengers and freight in intrastate and interstate commerce with regular established routes comparable to the railways of those times, handling a tremendous volume of traffic and furnishing the sternest of business competition to the railways.

The statute was apparently based upon the thought that the public interest and convenience would be promoted by permitting suits against common carriers in any county on their lines. In passing it may be said this legislation has in general proven to be sound and has tended to serve the convenience of litigants and witnesses, and that the hardships or abuses resulting therefrom have been relatively unsubstantial.

That the statute does not in so many words specifically describe the operations and business of petitioner will not necessarily prevent its applicability thereto.

"* * * It is a rule of statutory construction that legislative enactments in general and comprehensive terms, prospec-

tive in operation, apply alike to all persons, subjects and business within their general purview and scope coming into existence subsequent to their passage. Thus, an automobile may come within the provisions of an act relating to vehicles generally, although the statute was passed before the invention of automobiles. * * * '' 25 .R. C. L. 778.

This rule finds support in the following authorities: Commonwealth v. Quaker City Cab Co., 287 Pa. 161, 134 A. 404; In re Fox Film Corp., 295 Pa. 461, 145 A. 514, 64 A. L. R. 499; Haselton v. Interstate Stage Lines, 82 N. H. 327, 133 A. 451, 47 A. L. R. 218; Baker & Strawn v. Magnolia Petroleum Co., 124 Okl. 94, 254 P. 26; Burton v. Monticello, etc., Turnpike Co., 162 Ky. 787, 173 S. W. 144; Wisconsin Tel. Co. v. Oshkosh, 62 Wis. 32, 21 N. W. 828; Iowa Union Telephone Co. v. Board of Equalization, 67 Iowa 250, 25 N. W. 155; Franklin v. Northwestern Telephone Co., 69 Iowa 97, 28 N. W. 461; 59 C. J. 973, 974. Therefore, if the terms of this statute are comprehensive enough to include petitioner and its business, they will be subject to its provisions.

The first class of carriers listed is "any railway corporation", followed by "the owner of stages, or other line of coaches or cars". What was the meaning of the word "line" as so used, at the times in question? Century Dictionary—1889—Line: "A series of public conveyances, as coaches, steamers, packets and the like, passing to and fro between places with regularity". Commonwealth v. Walton, 1907, 126 Ky. 523, 104 S. W. 323, " 'Stageline', 'railroad line' and 'automobile line' are expressions which are ordinarily understood to mean a regular line of vehicles for public use operated between distant points, or between different cities, * * *.''

Unquestionably petitioner's trucks were operated as a "line" as then defined.

However, petitioner contends the language of the statute should not be interpreted to include motor freight trucks. As above noted the construction of this language should be based upon its meaning at the times of the enactments.

The word "stage" has been defined as a place of rest on a journey, or where a stage coach changes horses. It also means a stage coach. Century Dictionary—1889. "Coach" is a generic term. It is a kind of carriage. A. & .E. Encyclopedia of

Law, 2d Ed., 1898, Vol. 6, page 170. A note on said page 170, cites certain cases discussing coaches and various kinds of stages. Stages and stage coaches were usually passenger vehicles, although mention is made of mail coaches which were principally for the carriage of mail, and wagon stages which handled freight only. The expression "mail stages" was formerly used in this statute. A car generically or in its broadest meaning was a "wheeled vehicle", though the word "car" at the time in question was more frequently used to refer to a vehicle running on rails. Century Dictionary—1889. The term "coach" was applied both to vehicles travelling over roads and upon rails.

In view of these and other definitions then applied to "stage", "coach" and "car" the context should be taken into account in determining the proper interpretation of the meanings of such words as used in this statute. Code of Iowa 1935, section 63, rule 2. In the year 1889, the Court of Appeals of New York, in discussing the interpretation of an instrument containing these terms, said:

" * * * Neither the word 'coach,' 'stage,' or 'car' can be said to be words of art, or to have any legal or fixed meaning distinguishing one from the other, or any one of them from several other terms implying a vehicle or conveyance. We are therefore to look at the context of the resolution, and the circumstances under which it was adopted, and especially at the matter which the parties had in contemplation." New York v. Third Ave. Ry. Co., 117 N. Y. 404, 646, 22 N. E. 755, 756.

It will be noted that the statute in controversy first refers to and disposes of "railways". Next mentioned are "stages, or other line of coaches or cars." Under correct grammatical construction the phrase "other line of coaches or cars" does not refer back to the first clause which deals with railways or vehicles travelling upon rails. Instead it properly refers to the intervening phrase containing the word "stages" which immediately precedes it and to which it is coupled directly by the disjunctive "or". Therefore, the expression "other line of coaches or cars" comprehends all coaches and cars other than stages, but having no relation to railways. Cincinnati, etc., Turnpike Co. v. Neil, 1839, 9 Ohio 11. The motive power of such coaches and cars is not material. Lames v. Armstrong, 162 Iowa 327, 144 N. W.

1, 49 L. R. A., N. S., 691, Ann. Cas. 1916B, 511. To say that the word "cars", as here used, should be limited to vehicles running on tracks or should be limited to vehicles carrying passengers or any other particular things would not accord with the approved meaning of the language used when construed in connection with other related portions of the statute. The word "cars" appears to have been here used in its generic sense as meaning "vehicles that * * * run by turning on wheels." Mayor, etc., of City of New York v. Third Ave. Ry. Co., supra; East St. Louis Connecting Ry. Co. v. O'Hara, 1894, 150 Ill. 580, 587, 37 N. E. 917. As so used we think it fairly includes freight carrying trucks.

In 1886, this court passed upon an analogous proposition in Franklin v. Northwestern Telephone Co., 69 Iowa 97, 28 N. W. 461. Prior to 1897, the statute included "telegraph companies", but did not contain the words "telephone companies".

In that case the court interpreted the words "telegraph companies", as used in the statute to include "telephone companies", and held that telephone companies were subject to the provisions of the act although not specifically mentioned therein.

We conclude that the trucks of Bruce Transfer Company, operating as common carriers of freight on a fixed schedule and over a regular route between Des Moines and Kansas City, did constitute a "line of cars" within the intent and purview of Code section 11041. Therefore, the venue of the action was properly fixed in Clarke county, and the overruling of petitioner's motion for change of venue was correct.—Writ annulled.

All JUSTICES concur.