Harry CUTLER and Betty Cutler

v.

GRADUATE HOSPITAL, Dr. Duca, the American National Red Cross, American Red Cross Blood Services, Penn-Jersey Region, and William C. Sherwood, M.D.

Civ. A. No. 89–4408.

United States District Court,
E.D. Pennsylvania.

Aug. 1, 1989.

Howard M. Klein, Conrad & O'Brien, P.C., Philadelphia, Pa., for plaintiffs.

Arthur M. Toensmeier, Post & Schell, P.C., John J. Snyder, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presently before the court is a motion of defendants American Red Cross and Wil-

liam C. Sherwood, M.D., to dismiss Counts Three (strict liability) and Four (breach of implied warranty) of plaintiffs, Harry and Betty Cutler's complaint. For the following reasons, we grant defendants' motion.

Plaintiffs filed their complaint on April 28, 1989, seeking damages for personal injuries allegedly sustained by Harry Cutler subsequent to his receipt of an AIDS-tainted blood transfusion in June, 1981, while he was a cardiac patient at defendant Graduate Hospital. Plaintiffs' complaint alleges negligence (Count One) and conspiracy to commit a tort (Count Seven), in addition to the strict liability and breach of implied warranty counts. The defendants have filed their motion pursuant to Fed.R.Civ.P. 12(b)(6), contending Counts Three and Four fail to state a claim upon which relief may be granted.

■ The defendants allege the claims are barred by the Pennsylvania Blood Shield statute, 42 Pa. Cons.Stat.Ann. § 8333 (Purdon 1976) which provides:

No person shall be held liable for death, disease or injury resulting from the lawful transfusion of blood, blood components or plasma derivatives, or from the lawful transplantation or insertion of tissue, bone or organs, except upon a showing of negligence on the part of such person. Specifically excluded hereunder is any liability by reason of any rule of strict liability or implied warranty or any other warranty not expressly undertaken by the party to be charged.

The defendants contend this statute bars the strict liability and breach of warranty counts. Plaintiffs claim that dismissal of the strict liability and implied warranty counts would be premature because there are no cases construing the term "person" as used in 42 Pa.Con.Stat.Ann. § 8333. They argue that this absence of cases creates ambiguity regarding the meaning of the term. We disagree.

The Commonwealth's general definitional statute, 1 Pa.Cons.Stat.Ann. § 1991 (Purdon 1972), provides a meaning for the term "person" as it is used in the Blood Shield law. The section provides that in any statute enacted after 1937, unless the context clearly indicates otherwise, "person" includes corporations, partnerships and associations. Just as there is no genuine question that defendant William C. Sherwood, M.D. is a person within the meaning of the statute, neither can there be a genuine conflict as to whether the American National Red Cross and American Red Cross Blood Services, Penn–Jersey Region can be characterized as persons.

■ Plaintiffs assert, with respect to 42 Pa.C.S.A. § 8333 that the legislature did not intend to provide protection from liability to hospitals and blood banks. They base their assertion upon the inclusion of the words "hospital" and "blood bank" in the statute which predated 42 Pa.C.S.A. § 8333, the Blood Transfusion Act of January 28, 1972, 35 P.S. § 10021 (repealed)[1] and upon cases interpreting that statute. In addition, plaintiffs find significance in the fact that when 35 P.S. § 10021 was first enacted in 1972, the definitional statute then in effect provided a definition of "person" which was the same as the present definition.[2] Plaintiffs claim that despite that definition, the legislators *still* found it necessary to include the words "hospital" and "blood bank." Thus, the omission of those words in the current stat-

1. 35 P.S. § 10021 states:
   Notwithstanding any other law, no hospital, blood bank, or other entity or person shall be held liable for death or injury resulting from the lawful transfusion of blood, blood components or plasma derivatives, or from the lawful transplantation or insertion of tissue, bone or organs, except upon a showing of negligence on the part of such hospital, blood bank, entity or person. For the purposes of this act negligence shall include but not be limited to any failure to observe accepted standards in the collection, testing, process-

ing, handling, storage, transportation, classification, labelling, transfusion, injection, transplantation or other preparation or use of any such blood, blood components, plasma derivatives, tissue, bone or organs. Specifically excluded hereunder is any liability by reason of implied warranty or any other warranty not expressly undertaken by the party to be charged.

2. Pa.Stat.Ann. tit. 46 § 601 (Purdon 1937) recodified at 1 Pa.Cons.Stat.Ann. § 1991 (Purdon 1972).

ute, they argue, indicates that hospitals and blood banks are not "persons."

Plaintiffs assert that the omission of the words "hospital" and "blood bank" in the later Blood Shield statute indicates a legislative intention to change the statute's meaning. However, our review of the legislative history provides no verification of plaintiffs' hypothesis regarding the intentions of the legislature. True, plaintiffs' explanation is not entirely implausible. Neither, though, is the possibility that the omission of the words "hospital" and "blood bank" resulted from completely divergent reasoning. Accordingly, as we find the current wording of the statute to be unambiguous, we will not speculate as to the legislature's intent in amending the statute to its present form.

Finally, plaintiffs contend that because AIDS was not recognized as a threat to patients receiving blood transfusions in 1976—the year in which the current blood shield statute was enacted—the legislature could not have intended to limit liability in cases of AIDS-tainted blood. We disagree. The statute plainly applies to "disease ...resulting from the lawful transfusion of blood ..." It is not limited to any particular diseases, nor to diseases known to medical science when it was enacted. In addition, the common law of Pennsylvania with respect to prospective operation of statutes has been stated by the Supreme Court in the case of *Philadelphia Retail Liquor Dealers Association, et. al v. Pennsylvania Liquor Control Board, et al*, 360 Pa. 269, 62 A.2d 53 (1948):

> A general law may, and frequently does, originate in some particular case or class of cases which is in the mind of the legislature at the time, but so long as it is expressed in general language the courts cannot, in the absence of express restrictions, limit its application to those cases, but must apply it to all cases that come within its terms and its general purpose and policy. It is a rule of statutory construction that legislative enactments in general and comprehensive terms, prospective in operation, apply alike to all persons, subjects and business within their general purview and

scope coming into existence subsequent to their passage.

360 Pa. at p. 274, 62 A.2d 53, citing *Commonwealth v. Quaker City Cab Co.*, 287 Pa. 161, 166, 134 A. 404 (1926), rev'd on other grounds, 277 U.S. 389, 48 S.Ct. 553, 72 L.Ed. 927 (1928).

This is precisely the task faced by the court in the case *sub judice*. Although the AIDS virus was unknown to medical science when the Blood Shield law was enacted, as a general enactment, it must be applied to just this sort of subsequently developing scenario. The general purpose and policy evident in the statute was to protect the system by which blood products are made available for use by hospitals for both emergency and routine uses. The onslaught of the AIDS virus has, if anything, made this purpose more significant. Were courts to ignore the intent of the legislature and allow actions for damages to proceed against the blood delivery system on theories not requiring some proof of fault, the system would surely collapse.

For the reasons stated, we grant defendants' motion to dismiss Counts Three and Four of plaintiffs' complaint against the moving parties.