# The Germania Life Insurance Co. of New York *versus* Commonwealth of Pennsylvania.

1. The Act of the General Assembly of April 10th 1873, entitled "An Act to establish an insurance department," requires every insurance company of another state to make annual return of the premiums received in this state to the insurance commissioner, to pay a tax of three per cent. upon such premiums, and confers upon the commissioner the powers of the auditor-general in the settlement of the accounts, with the approval of the state treasurer. The Act of April 24th 1874, entitled "An Act for the taxation of corporations," provides, that every company now or hereafter incorporated by or under any law of this Commonwealth, except banks and savings institutions, and of every company now or hereafter incorporated by any other state, and doing business in this Commonwealth, which is taxable under the laws of the state, "shall make annual report concerning the capital of their respective corporations, dividends, and the appraisement of their capital stock," and provides for a settlement of taxes by the auditor-general and state treasurer. It also enacts that all laws and parts of laws inconsistent with said act are repealed. *Held,* that the Act of April 10th 1873, as to foreign insurance companies, is not repealed by the Act of April 24th 1874, that the tax imposed by it remains, and that the insurance commissioner has the powers of the auditor-general to settle the amount of the taxes, subject to the approval of the state treasurer, with the right of appeal.

2. Art. 9, sect. 1, of the constitution, providing, that "taxes shall be uniform upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws," does not make void the tax of three per cent. on premiums imposed by the Act of April 10th 1873.

3. Under the 9th article of the constitution, in classifying the subjects of taxation, the legislature may place foreign insurance companies in a class by themselves, as distinct from domestic insurance companies, and the former may be taxed differently from the latter.

March 1st 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Dauphin county:* Of May Term 1876, No. 118. Argued at Philadelphia, January Term 1877.

The 10th section of the Act of Assembly of April 4th 1873, imposed an annual tax of three per centum upon all premiums received within the state by foreign insurance companies or associations transacting business within this Commonwealth.

The Insurance Commissioner, on March 1st 1875, settled an account against the Germania Insurance Company of New York, for $3203.45, the amount of tax on premiums received by it from its business within the state during the year ending December 31st

4 NORRIS—33

[Germania Life Insurance Co. *v.* Commonwealth.]

1874. This settlement was approved by the state treasurer, and from it the company appealed to the Court of Common Pleas of Dauphin county, and filed a specification of its objections. These were in substance as follows :—

The Act of 24th April 1874, entitled "An Act for the taxation of corporations," required settlements for taxes against all corporations which it named, which included all corporations except banks and savings institutions, should be made by the auditor-general and the state treasurer. This act is inconsistent with and repeals so much of the Act of April 4th 1873, as permitted the insurance commissioner and state treasurer to make settlements for taxes upon premiums, and therefore they were without authority for this purpose.

The constitution of Pennsylvania, in article 9, section 1, provides that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." And the Act of 24th April 1874, passed in pursuance of said provision, by the fifth section, assesses a tax of one-half mill upon the capital stock of insurance companies, among other corporations embraced by said section, for each one per cent. of dividend made and declared by such companies, or where no dividend has been made or declared, a tax of three mills upon the capital stock of such companies ; whereas, the tax now in question, being three per centum upon the premiums paid to the appellant, is settled under the 10th section of the Act of 4th April 1873, which is expressly confined to insurance companies of another state or foreign governments.

The tax in question would not be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, if insurance companies incorporated by the state of Pennsylvania are, in pursuance of the Act of 24th April 1874, taxed only one-half mill for each one per cent. of dividend made or declared by such companies, or where no dividend has been made or declared, three mills upon the capital stock of such companies, and insurance companies incorporated by any other state and doing business within this Commonwealth, are taxed under the Act of 4th April 1873, three per cent. upon the premiums paid to them.

Insurance companies, whether incorporated by this state or by any other state, and doing business in this Commonwealth and being taxable under its laws, are in "the same class of subjects" within the meaning of the constitutional provision that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws ;" and the exception, therefore, in sect. 5 of the Act of 24th April 1874 (which is a general law for levying and collecting of taxes), excepting foreign insurance companies, out of its provisions, is unconstitutional and void.

[Germania Life Insurance Co. v. Commonwealth.]

The tax in question, of three per cent. upon premiums paid by policy holders who reside in Pennsylvania to appellant, is a tax upon a contract made in the state of New York, between a corporation of that state and a citizen of Pennsylvania, which is not a subject of taxation by this Commonwealth.

The tax in question is laid upon a debt due by a resident of Pennsylvania to a corporation of the state of New York, which is not taxable by this Commonwealth, in transit from the debtor to the creditor.

The case was tried by agreement of counsel, without a jury, before Judge Pearson, who decided in favor of the Commonwealth, and from that decision the company appealed, and assigned for error the following parts of the judge's opinion.

" We are, therefore, of the opinion that the law (sect. 10 of the Act of April 4th 1873) is in full force, unchanged and unrepealed by the Act of 1874, and the tax is * * * settled by the proper officers.

" There was no restriction on the power of the legislature to tax. It need but classify or place the like tax on each class of subjects, but the power was unlimited and uncontrolled, and could be exercised according to the legislative sense of justice, ability of the party to pay, and even by caprice or prejudice, or may be otherwise to a slight extent under the new constitution, or such may be inferred to be the intention.

" The legislature could say to the foreign insurance company, you shall establish no agency in Pennsylvania, or they could declare we will permit it on condition you shall pay into the treasury a certain sum * * * which may be called a tax, or by any other name.

" The power of the legislature to classify must be conceded. Why not say we will place the foreign insurance company in one class, and the domestic in another.   The former we will require to pay three per cent. on its premiums received, and the latter but one or one-half per cent.

" It is no more arbitrary than the tax which has already been recognised elsewhere.   The incorporated company was required to pay three cents a ton on each ton of coal mined or purchased by it.   An individual may mine or deal in the same article without paying any tax whatever. * * *

" To say that each ton of coal mined by a Welshman shall pay a tax of one cent, and each ton by an Englishman or Irishman shall pay a tax of three cents, would strike us as being most arbitrary and unjust, yet not more so than the distinction between a ton mined by a corporation and an individual.   The coal mined is the natural classification of the subject, but any classification which the legislature chooses to adopt has been recognised ; but perhaps it may be more properly said that the tax is imposed on the corporation, and

[Germania Life Insurance Co. *v.* Commonwealth.]

the ton of coal used as a means of showing the extent of their business. If so, that would authorize a distinction of insurance companies into two classes—foreign and domestic, and justify a different tax on each class.

" We are of the opinion that the tax was properly imposed for a right sum, and settlement regularly made, and we shall accordingly * * * enter judgment in favor of the Commonwealth."

The company offered to prove that it re-asssesed upon the policy-holders of each state, in addition to the premium otherwise to be assessed.upon them, such taxes as might be imposed upon such premiums by the laws of the state in which such policy-holder resided, and that in the present case all taxes payable by the defendant to the plaintiff were re-assessed upon its policy-holders in this state.

This offer was rejected, and its rejection was also assigned as error.

*Wayne Mac Veagh*, for plaintiff in error.—The offer of evidence should have been received, because it tends directly to prove that the uniformity required by the constitution does not exist, for of two neighbors, one insuring his life in a company created by this state is not obliged to pay any tax upon such contract, and the other insuring his life for the same sum in a company created by another state, is obliged to pay the onerous tax involved in this litigation.

The tax in question, if it can be legally settled, can be so settled only under the provisions of the Act of April 24th 1874, and the settlement made under the provisions of the Act of April 4th 1873 is invalid.

There are but two classes of corporations in which this defendant can be taxed in obedience to the constitutional provision requiring uniformity of taxation upon the same class of subjects. It is a foreign corporation doing business in this state, and may, therefore, possibly be taxed as a member of a class embracing all foreign corporations doing business within the same " territorial limits." It is also a corporation engaged in the business of life insurance within this state, and therefore, undoubtedly may be taxed in a class embracing all corporations engaged in that business within the same " territorial limits."

It cannot, however, be taken out of the class of foreign corporations because it is a life insurance company, and also be taken out of the class of life insurance companies because it is a foreign corporation, and then taxed at a rate greater than other foreign corporations pay, and also greater than other life insurance companies pay, for this would be to justify by law a flagrant and crying evil, as a remedy for which the constitutional provision in question was designed.

The business of life insurance may be made a subject of taxation, but if taxation is to be uniform within the territorial limits within

which the business is to be conducted, one uniform rate alone can be imposed upon all the business of life insurance within those limits.

To single out a part of that business by the accident of the origin of the corporation conducting it, and visiting it because of that origin with a heavier burden, is not to secure to the legislature the power of classification, but to repeal absolutely the constitutional provision regarding classification, and to open the door as widely as ever to the caprices and injustices of unequal and oppressive legislation.

*Lyman D. Gilbert*, Deputy Attorney-General, and *George Lear*, Attorney-General, for defendant in error.—The evidence was properly rejected. If the company is liable for taxes, its manner of raising its revenue cannot affect the right of the Commonwealth to recover. The tax is on the company, and not on those doing business with it: Railway Gross Receipts Case, 15 Wall. 294.

The company having appealed, it cannot now inquire into the jurisdiction of the insurance commissioner and the state treasurer to settle an account against it.

After a party has taken a case into a court which has jurisdiction of the subject-matter, by an appeal, it is too late to raise a question of the jurisdiction of the remedy by the tribunal in which the proceedings had their inception: Woodring v. Forks Township, 4 Casey 355; Silver v. The County of Schuylkill, 8 Id. 356; Schenley et ux. v. Commonwealth for use of Allegheny, 12 Id. 29.

If the court did err, as it is assigned, "in holding that previous to the adoption of the present constitution of the state, there was no restriction on the power of the legislature to tax; that such power was unlimited and uncontrolled," it would not be cause for reversal, as this was not a charge to the jury, but an opinion in a case tried without a jury; and the only subject for inquiry is whether the conclusion and the judgment upon it are sound. But practically the law is as stated: Sharpless v. Mayor of Philadelphia, 8 Harris 147.

The Act of 1874 does not expressly repeal the Act of 1873. The repeal must be implied, and this can only take place when both cannot stand together: Brown v. City Commissioners, 9 Harris 37; M'Cool v. Smith, 1 Black U. S. Reports 470; Dickenson v. Dickenson, 11 P. F. Smith 401; Shinn v. Commonwealth, 3 Grant 205; Johnson's Estate, 9 Casey 511; Street v. Commonwealth, 6 W. & S. 209.

The Act of 1873 is upon a particular subject, and the rule is that a later statute, which is general and affirmative, does not abrogate a former which is particular: Bounty Accounts, Eleventh Ward, Pittsburgh, 20 P. F. Smith 92; Brown v. County Commissioners, 9 Harris 37.

The Act of 1873 was not, *per se*, repealed by the present con-

stitution : Lehigh Iron Co. *v.* Upper Macungie Township, 3 W. N. C. 29. If the Act of 1873 was constitutional when it was passed, as is not denied, the Act of 1874 cannot affect its constitutionality. If that act destroyed the uniformity of corporate taxation, the defect is in it, and not in the law of 1873.

The tax is upon the business transacted in this state by foreign insurance companies. It is fixed at a single rate, and is therefore uniform. What constitutes the same class of subjects must be left to the legislature. If for no other reason, from necessity. The utter impossibility of arranging the subjects of taxation in classes according to their nature as subjects of taxation is so apparent, that it must be conceded to the legislative power to fix them. What might be regarded as a proper classification by one court, if left to the judicial department to determine, may be regarded as improper and unjust by another. There can be no standard to determine the classification with certainty, and fix the classes, according to their nature as subjects of taxation, except the legislative will. These classes of subjects of taxation have no natural qualities by which they can be distinguished.

The Act of 1873 gave to foreign insurance companies a license to enter the state upon certain conditions, and after entering it they cannot refuse to perform their part of the contract. The legislature has the right to impose conditions upon corporations of another state doing business in this. They are not citizens, have no personal rights in the various states, except to sue, and can do business here only by permission and upon such terms as the legislature may choose to impose. And the legislature has designated their business as a class, and imposed a tax upon it.

The business of a foreign insurance company is taxable : Park *v.* Virginia, 8 Wall. 168 ; Ducat *v.* Chicago, 10 Id. 410.

The judgment of the Supreme Court was entered March 5th 1877,

PER CURIAM.—This cause was ably argued on both sides, and the court has carefully considered the questions presented. We do not think it necessary to discuss them at large but shall state our conclusions.

1. We are of opinion that the Act of 4th April 1873, to establish an insurance department, is not repealed as to foreign insurance companies by the Act of 24th April 1874, and therefore, that the state tax of three per centum upon their premiums, imposed by the tenth section remains, and that the insurance commissioner has the powers of the auditor-general to settle the accounts of such companies for taxes, subject to the approval of the state treasurer and the right of appeal provided in the 15th section.

2. We are of opinion that the tax of three per centum on premiums, imposed by the 10th section of the Act of 1873, is not

[Germania Life Insurance Co. *v.* Commonwealth.]

made void by the 1st section of the 9th art. of the new constitution, and therefore that foreign insurance companies remain subject to the imposition of this tax, and to the settlement provided for in the 15th section.

3. We are of opinion that under the 9th art. of the new constitution, the legislature has power to classify the subjects of taxation, and that foreign insurance companies may be placed in a class by themselves, and distinct from domestic insurance companies, and may be taxed independently and differently.

We find no error in the record, and therefore the judgment is affirmed.