# COMMONWEALTH v. GERMANIA BREWING CO.

## APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

### Argued June 3, 1891—Decided June 12, 1891.

The proviso of § 20, act of June 30, 1885, P. L. 199, excepting from the tax exemption granted corporations engaged in the manufacture of liquors or gas, and the similar proviso of § 21, act of June 1, 1889, P. L. 431, are not violative of §§ 1, 2, article IX. of the constitution, providing for uniformity of taxation, etc.; and such corporations are liable to the capital-stock tax under § 4, act of June 7, 1879, P. L. 114.

145    83
151   272

145    83
157   523

145    83
164   304

145    83
165    65

145    83
172   182

145    83
195   635
195   638

145    83
196   620

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 39 May Term 1891, Sup. Ct.; court below, No. 257 September Term 1889, C. P.

To the number and term of the court below, from an account stated by the auditor general and state treasurer against the Germania Brewing Company, for tax on capital stock under § 4, act of June 7, 1879, P. L. 114, for the year ending the first Monday of November, 1888, the company filed an appeal and specifications of objections.

A hearing having been had, on a submission to the court, without a jury, under the act of April 22, 1874, P. L. 109, the court, McPHERSON, J., filed the following decision:

### FINDINGS OF FACT.

1. The defendant is a corporation of the state of Pennsylvania. Its authorized and actual business is the brewing of malt liquors.

2. Its capital stock is $500,000. During the tax year ending the first Monday of November, 1888, it declared no dividend, and its capital stock was thereupon appraised at par. Upon this sum the tax in question, viz., three mills, under § 4 of the revenue act of 1879, was levied. No part thereof has been paid.

### CONCLUSIONS OF LAW.

This appeal, and the appeal filed to No. 37 June Term 1890,

raise substantially similar questions in regard to § 20 of the act of 1885, and § 21 of the act of 1889, and will be considered together. It is alleged that the proviso, in either section, which prevents the capital stock of certain classes of manufacturing companies from enjoying the freedom from taxation conferred upon all other manufacturing companies, is unconstitutional and void, as offending against §§ 1, 2, article IX. of the constitution ; and this is the point for decision.

1. Let us consider what was done by either act ; and first by the act of June 30, 1885, P. L. 193. The revenue act of June 7, 1879, P. L. 112, by its fourth section put into one class all corporations, foreign and domestic, which have a capital stock, except foreign insurance companies, banks and savings institutions, and taxed the stock at a specified rate. This class included all kinds of manufacturing companies, and among them companies which manufactured malt liquors. This classification is not attacked, and we know of no constitutional objection thereto. In 1885, the legislature, for reasons of public policy, decided to relieve almost all manufacturing companies from state taxation ; and accordingly, by § 20 of the act of June 30, declared " that the taxes laid upon manufacturing corporations, by and under the revenue laws of this commonwealth, be and the same are hereby abolished as to such corporations, and the laws, under which such taxes are laid and collected, be and the same are hereby repealed, so far and so far only, as they apply to and affect manufacturing corporations." But, as it did not intend to relieve all such companies, it immediately added the proviso which is now attacked : " Provided, that the provisions of this act shall not apply to corporations engaged in the manufacture of malt, spirituous, or vinous liquors, or in the manufacture of gas." The total effect of this section was to leave corporations which· manufacture either liquor or gas just where the act of 1879 put them, and to relieve from taxation all other classes of manufacturing corporations.

This relief from taxation is sometimes called an exemption, and the designation is correct, in the ordinary sense of that word. But, when it was attacked as an exemption, in the sense attached to the word by §§ 1, 2, article IX. of the constitution, the Supreme Court declared in Hawes Mfg. Co.'s App., 1 Mona. 353, that it did not offend against this provision, be-

cause manufacturing corporations were not thereby relieved from all taxation, such as county and other local taxes upon their real estate, but only from taxation directly by the state. This relief from state taxation not being an unconstitutional exemption, therefore, the further question now arises : Was it uniform upon the same class of subjects ?   For, if it relieved from taxation certain members of a class, and left other members of that class still subject thereto, the tax would not be uniform, and the exemption which caused this want of uniformity, would fall.   This principle was applied in Fox's App., 112 Pa. 355, where it was held that an exemption of " notes, or bills for work or labor done," from a tax imposed upon all other notes and bills, was unconstitutional and could not be sustained.

This question, viz., whether the exemption itself is uniform, did not arise in Hawes Mfg. Co.'s App., and for obvious reasons is not raised here by the defendant; for, if the exemption fails, all manufacturing companies, including the defendant, continue to be taxed by the act of 1879.   Nevertheless, both the goodness of the exemption and the goodness of the exception thereto depend upon the same considerations, and must stand or fall together.   They both depend upon the legislative power to classify, and the validity of its exercise in this particular case ; and it seems to us that the defendant's argument on this subject does not warrant the conclusion it seeks to draw.   The argument is, that by the body of § 20 of the act of 1885 all manufacturing companies are put into one class, and relieved from taxation, and therefore that the proviso immediately following, which excepts from this exemption companies which manufacture liquor or gas, is void for want of uniformity.   But the conclusion does not follow.   The constitution declares that *taxes* must be uniform on a given class ; and therefore, if the class embraces all manufacturing companies, the conclusion would rather be that the exemption would fall instead of the exception ; and this would leave the defendant with all other manufacturing companies just where it was put by the act of 1879.

But, we believe, although not without considerable hesitation, that both the exemption and the exception thereto, found in the twentieth section of the act of 1885, are sustainable as a proper exercise of the legislative power to classify subjects of

taxation. This essential power was not exhausted by the act of 1879, which otherwise would have been unchangeable, except by repeal and a recasting of the subject, and was exercised again by the act of 1885. That act is a supplement to the act of 1879, and its twentieth section must be read in connection with § 4 of the earlier statute. The effect of both, taken together, is to make a new class for the purpose of the tax on capital stock, and to include therein all foreign and domestic corporations, except foreign insurance companies, banks, savings institutions, and all classes of manufacturing corporations, with two exceptions; and to this action only one objection can possibly be made, viz., that by it, manufacturing corporations have been made a single class, while only part of that class has been taxed. But, aside from the consideration already stated, that this objection really attacks the whole exemption, and not the exception thereto, the objection is not correct as a matter of fact. In fact, the legislature did not make, and evidently did not intend to make a single class of all manufacturing corporations. The whole section must be taken together; and, thus considered, two classes are plainly visible.; one, including corporations which manufacture liquor or gas, and the other, including all other manufacturing corporations. The latter class is severed from the much larger class, or group of classes formed by § 4 of the act of 1879, and is relieved from taxation; the former is left just where it was.

Could the legislature lawfully make this classification? Unquestionably, unless restrained by some constitutional provision, or by some consideration found in the nature of the subjects classified; and we are not aware of any such restraint of either kind. Doubtless, all corporations of every kind may, for some purposes, be put into one class; so may all manufacturing corporations; but this is not the limit of proper divisibility. Manufacturing corporations are themselves of diverse kinds, depending on their respective business; and we can see no reason, and have heard of none, why the legislature may not, if it please, put into one class, and tax it, the companies which manufacture liquor and gas, while it leaves all other manufacturing companies untaxed. And this is just what it has done in effect by § 20 of the act of 1885, although by a seemingly roundabout road. The act of 1879 taxed the capital stock of

Decision of Court below.

all corporations, with three exceptions; the act of 1885 abolished this tax as to all manufacturing corporations, except those which manufacture liquor or gas. At first sight, this method seems awkward, but in truth, only one other course is possible, viz., to specify the innumerable kinds of corporations whose capital stock is to be taxed, omitting from the list such classes of manufacturing corporations as are to be left untaxed; and this course, while theoretically possible, is not practicable.

If the view above stated is correct, the question of want of uniformity does not really arise at all. The question is simply one of statutory construction; that is, taking the acts of 1879 and 1885 together, how large a class, or group of classes of manufacturing companies did the legislature intend to leave untaxed? The description of this class is not completed until the whole of § 20 of the act of 1885 has been given effect; and when this is done, it is seen that brewing companies fall entirely outside of the class thus described, and entirely within a different class, where they are admittedly taxed at the same rate as are all other members thereof. They would seem, therefore, to have no constitutional ground of complaint, if only the power to classify has been properly exercised upon them. This power has been very fully considered in the following cases, decided since the constitution of 1874 was adopted, and we refer to them as sustaining the legislation before us: Kittanning Coal Co. v. Commonwealth, 79 Pa. 100; Kitty Roup's Case, 81* Pa. 211; Williamsport City v. Brown, 84 Pa. 439; Germania Ins. Co. v. Commonwealth, 85 Pa. 513; Banger's App., 109 Pa. 79; Commonwealth v. Canal Co., 123 Pa. 594; Coal Ridge Imp. Co. v. Jennings, 127 Pa. 397.

2. After what has been said, § 21 of the act of 1889, P. L. 431, does not need more than a few additional words. It consolidates and re-enacts, with some changes, § 4 of the act of 1879 and § 20 of the act of 1885, and the above discussion is equally applicable here. The whole of the section must be taken together before the legislative classification is complete.

We conclude as follows:

1. The defendant is a manufacturing corporation.

2. The first proviso of § 20 of the act of 1885 is not unconstitutional, but valid.[1]

3. The commonwealth is entitled to recover its full claim:

Principal, . . . . . . . $1,500.00
Interest, at 12 per cent, from June 24, 1889, to
     April 18, 1890, . . . . . . 147.50
Attorney General's commission, . . . 75.00

Total, . . . . . . . $1,722.50 [2]

for which amount we direct judgment to be entered, if exceptions are not filed according to law.

—Exceptions to the foregoing decision having been overruled, and judgment entered, the defendant company took this appeal specifying that the court erred:

1. 2. In its first and second conclusions of law. [1] [2]

3. In not directing judgment to be entered for the defendant.

*Mr. Samuel Gustine Thompson* and *Mr. Lyman D. Gilbert* (with them *Mr. John H. Weiss*), for the appellant.

That the proviso of § 20, act of June 30, 1885, P. L. 199, qualifying the purview of that section treating of an entire class of corporations, is open to the constitutional objection that if effective it would limit the benefit of the legislation to part of a tax class, and destroy the uniformity required, counsel cited: Commonwealth v. Patton, 88 Pa. 258; Scowden's App., 96 Pa. 422; McCarthy v. Commonwealth, 110 Pa. 243; Morrison v. Bachert, 112 Pa. 322; Scranton Sch. D.'s App., 113 Pa. 176; Strine v. Foltz, 113 Pa. 349; Philadelphia v. M. E. Church, 115 Pa. 291; Weinman v. Railway Co., 118 Pa. 192; Ayars' App., 122 Pa. 266. That a proviso repugnant to the body of the act will not defeat the purpose of the enactment: West Br. Boom Co. v. Lumber & L. Co., 121 Pa. 159; Dugan v. Bridge Co., 27 Pa. 309; Potter's Dwarris, 113; Endlich on Statutes, § 185; Fisher v. McGirr, 1 Gray 1; Commonwealth v. Campbell, 24 Pick. 361; Norris v. Boston, 4 Metc. 288; Clark v. Ellis, 2 Blackf. 10.

*Mr. W. U. Hensel*, Attorney General, (with him *Mr. James A. Stranahan*, Deputy Attorney General,) for the Commonwealth.

Counsel discussed the cases cited in the opinion of the court below.

Decision of Court below.

PER CURIAM:

We affirm this judgment upon the opinion of the learned judge of the court below.