Coe et al., Appellants, *v.* Duffield.

Argued November 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*J. Wood Williamson,* with him *John E. Baily,* and *Thompson and Baily,* for appellants.

*J. R. Scott,* with him *Scott & Hook,* for appellees.

OPINION BY WOODSIDE, J., January 21, 1958:

The question presented to us in these appeals is whether the resolution[1] of the School District of the Township of Franklin, Greene County, imposing an amusement tax of $25 upon pin ball machines and of 10% upon admissions to drive-in theaters and roller skating rinks, violates article 9, section 1 of the Pennsylvania Constitution. The resolution was passed by the board of school directors pursuant to the authority

---

[1] The board of school directors improperly calls it "an ordinance".

given it by the Act of June 25, 1947, P. L. 1145, as amended, popularly known as the "Tax Anything Act", 53 PS §6851-6858.

The owners of a drive-in theater and the owners of a roller skating rink filed complaints in equity to restrain the school board from collecting the said tax. They contended that the imposition of the tax upon their businesses, and not upon the other forms of amusement for which admissions were charged within the territorial limits of the school district, was a violation of the constitution. The court below dismissed the complaints and the plaintiffs appealed to this Court.

Among the findings of the court below is the following: "there are other amusements within the territorial limits of Franklin Township, Greene County, Pennsylvania, where a charge for admission is made, such as (a) the annual V.F.W. Auto Thrill Show at the Fair Grounds, (b) Riding Academy at the Fair Grounds, (c) the grandstand at Fair, (d) rides, carnival and shows at Fairs, (e) plays and shows at Franklin Township schools and granges, (f) F. Rohanna Golf Course, and (g) the Central Swimming Pool."

Article 9, section 1 of the Constitution of Pennsylvania provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax . . ."

This constitutional provision applies to resolutions and ordinances as well as to acts of the General Assembly.

The Supreme Court has said: "we can declare an Act of Assembly void, only when it violates the constitution *clearly, palpably, plainly;* and in such manner as to leave *no doubt* or hesitation on our minds."

*Sharpless v. Philadelphia,* 21 Pa. 147, 164 (1853);
*Heisler v. Thomas Colliery Co.,* 274 Pa. 448, 458, 118
A. 394 (1922); *American Stores Co. v. Boardman,* 336
Pa. 36, 40, 6 A. 2d 826 (1939).

Although the presumption of constitutionality of a
resolution or an ordinance is not as strong as that of
an act passed by the legislature, nevertheless, where
a reasonable interpretation can be adopted which will
save the constitutionality of a resolution or an ordi-
nance, it is the court's duty to adopt it. *Allentown
School District Mercantile Tax Case,* 370 Pa. 161, 166,
87 A. 2d 480 (1952).

In the legitimate exercise of the power of taxation,
persons and things always have been, and may consti-
tutionally be, classified. The selection of the subjects
for taxation, their classification, and the method of
collection are legislative matters. *Durach's Appeal,*
62 Pa. 491, 494 (1870); *Commonwealth v. Del. Div.
Canal Co.,* 123 Pa. 594, 620, 16 A. 584 (1889). Classi-
fication for the purpose of taxation may be based on
the existence of differences recognized in the business
world, on the want of adaptability of the subjects to
the same method of taxation, upon the impracticability
of applying to them the same methods so as to produce
justice and reasonably uniform results, or upon well
grounded considerations of public policy. *Heisler v.
Thomas Colliery Co.,* supra, 274 Pa. 448, 118 A. 394
(1922).

In the aforesaid case the Supreme Court quoted
with approval from White on the Constitution of Penn-
sylvania, p. 379-380, as follows: "In short, the Consti-
tution having delegated to the legislature the power to
classify persons and property for purposes of taxation
it may select any reasonable basis upon which to make
the classification, and may create as many classes as
it may in its discretion decide upon, subject always to

the limitation that it must exercise good faith and must not make arbitrary and unjust distinctions."

In the same case the Court quoted from *Chicago, Burlington & Quincy R. R. Co. v. McGuire*, 219 U. S. 549, 31 S. Ct. 259, 55 L. Ed. 328 as follows: "The scope of judicial inquiry in deciding the question of power is not to be confused with the scope of legislative considerations in dealing with the matter of policy. Whether the enactment is wise or unwise, whether it is based on sound economic theory, whether it is the best means to achieve the desired result, whether, in short, the legislative discretion within its prescribed limits should be exercised in a particular manner, are matters for the judgment of the legislature, and an earnest conflict of serious opinion does not suffice to bring them within the range of judicial cognizance."

The Supreme Court of the United States, speaking through Mr. Justice ROBERTS, in the *Chain Store Tax Case, State Board of Tax Commissioners of Indiana v. Jackson*, 283 U. S. 527, 539, 51 S. Ct. 540, 75 L. Ed. 1248 thus sums up the constitutional principle: "The fact that a statute discriminates in favor of a certain class does not make it arbitrary, if the discrimination is founded upon a reasonable distinction. . . . A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law. It is not the function of this court . . . to consider the propriety or justness of the tax . . . Our duty is to sustain the classification adopted by the legislature if there are substantial differences between the occupa-

tions separately classified. Such differences need not be great." The above was quoted in *Commonwealth v. Girard Life Insurance Co.*, 305 Pa. 558, 563, 158 A. 262 (1932).

Classification under the constitution is necessarily elastic. *Turco Paint & Varnish Co. v. Kalodner*, 320 Pa. 421, 434, 184 A. 37 (1936).

The appellants seem to be of the opinion that if any amusement within the school district is taxed then all of the amusements within the school district must be taxed. In other words, they contend that amusements are amusements and cannot be separated into various classes for the purpose of taxation.

Let us examine some of the cases where similar contentions were made.

It was argued that land is land, ice is ice, gas is gas and coal is coal, but the legislature was permitted to tax differently seated and unseated land, natural ice and artificial ice, natural gas and manufactured gas, anthracite coal and bituminous coal. *Heisler v. Thomas Colliery Co.*, supra, 274 Pa. 448, 455, 118 A. 394 (1922).

The courts have sustained the classification for tax purposes of the strip mining of coal from the deep mining of coal, and also from the similar mining or quarrying of other substances. *DuFour v. Maize*, 358 Pa. 309, 313, 319, 56 A. 2d 675 (1948); *Dunkard Twp. School Tax Case*, 359 Pa. 605, 610, 60 A. 2d 39 (1948). Life insurance companies have been legally classified into stock and mutual companies for the purpose of taxation. *Commonwealth v. Girard Life Insurance Co.*, supra, 305 Pa. 558, 158 A. 262 (1932). Retailers and wholesalers have been taxed differently without offending the Constitution. *Knisely v. Cotterel*, 196 Pa. 614, 46 A. 861 (1900); *Allentown School District Mercantile Tax Case*, supra, 370 Pa. 161, 87 A. 2d 480

(1952). Classification has been upheld between corporate owners of taxicabs and individual owners; *Commonwealth v. Quaker City Cab Co.*, 287 Pa. 161, 134 A. 404 (1926), reversed on another point in *Quaker City Cab Co. v. Pa.*, 277 U. S. 389, 48 S. Ct. 553, 72 L. Ed. 927, foreign insurance companies and domestic insurance companies, *Germania Life Insurance Co. v. Commonwealth*, 85 Pa. 513 (1877) ; money owed by individuals and money owed by corporations, *Fox's App.*, 112 Pa. 337, 4 A. 149 (1886) ; stock in trust companies and stock in other associations *Commonwealth v. Mortgage Trust Co.*, 227 Pa. 163, 177, 76 A. 5 (1909). An ordinance imposing a tax upon the gross receipts of open parking lots, but not upon enclosed parking places was upheld in *Philadelphia v. Samuels*, 338 Pa. 321, 12 A. 2d 79 (1940) as a constitutional classification.

In *Commonwealth v. McCarthy*, 332 Pa. 465, 3 A. 2d 267 (1938), the Court upheld as a constitutional classification a mercantile license tax which was imposed upon persons engaged in operating bowling alleys and billiard tables. Not only were the operators of these forms of amusement classified separately from the operators of all other types of amusements, but the operators of the bowling alleys and billiard tables were classified into those who maintained summer resorts and those who did not, and the two groups were taxed differently.

If bowling alleys and billiard tables can be classified as separate forms of amusements to be taxed, and other amusements allowed to escape a similar tax, it would seem clear that a taxing authority could classify drive-in theaters and roller skating rinks separately from such amusements as fair ground shows, swimming pools, school and grange shows, and golf courses.

The same constitutional limitations apply to local government enactments as apply to legislative enactments. It could be argued that local governments should be held to a more general classification than the state government in order to prevent the imposition of a substantial share of the district's tax burden upon a single business, but the Supreme Court, in passing upon numerous resolutions and ordinances has never suggested that a different rule of interpreting the uniformity provision of the Constitution should be applied to local legislation than is applied to state legislation. Indeed, the Supreme Court has held specifically that the mere fact a local tax is imposed upon one person or business does not make the imposition unconstitutional or illegal. *English v. Robinson Township School District,* 358 Pa. 45, 53, 55 A. 2d 803 (1947).

If a local government's tax structure imposes undue hardship upon a particular business, this is a legislative matter for the General Assembly or the local taxing authority to correct. The legislating body may create as many classes as it may in its discretion decide upon, subject only to the limitation that it must exercise good faith and must not make arbitrary and unjust distinction. *Heisler v. Thomas Colliery Co.,* supra, 274 Pa. 448, 455, 118 A. 394 (1922).

There is nothing in this case to establish that the board of school directors exercised bad faith or made arbitrary and unjust distinctions. The classification which it made here is not unlike that upheld as constitutional in *Commonwealth v. McCarthy,* supra, 332 Pa. 465, 3 A. 2d 267 (1938), and other cases cited above.

The order dismissing the complaint is affirmed.