Philadelphia, Appellant, *v.* Smith.

Argued May 28, 1963.  Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Matthew W. Bullock, Jr.,* Assistant City Solicitor, with him *Pace Reich,* Assistant City Solicitor, *James*

*L. Stern,* Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellant.

*Harold E. Kohn,* with him *William T. Coleman, Jr., John W. Frommer, Jr., Bruce W. Kauffman,* and *Dilworth, Paxson, Kalish, Kohn & Dilks,* for appellant.

*Edward Friedman,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Secretary of Revenue, appellee.

OPINION BY MR. JUSTICE COHEN, October 9, 1963:

Appellants here seek an injunction restraining the Pennsylvania Secretary of Revenue from collecting or attempting to collect the gross receipts tax imposed on the receipts of the Philadelphia Gas Works by the Act of June 1, 1889, P. L. 420, §23, as amended by the Act of November 21, 1959, P. L. 1553 (72 P.S. §2181). The Philadelphia Gas Works (Gas Works) is owned by the City of Philadelphia (City) and operated by the United Gas Improvement Company (Company) under an agreement whereby Company receives all revenues from Gas Works, pays all operating expenses and receives a fixed management fee therefrom and turns over the balance of the net revenue to City.

The Act of 1889, as originally enacted and as amended prior to 1959, imposed a tax upon the gross receipts of certain specified types of companies (transportation companies, telephone or telegraph companies, electric light companies, power companies) generally referred to as public utility companies. The tax rate has varied from time to time, being originally eight mills and now fourteen mills.

An amendment of May 13, 1925, P. L. 702, stated that the tax should not apply to the gross receipts of a municipally owned and operated public utility. By an amendment of May 16, 1935, P. L. 200, however, this

provision was changed to impose tax on the gross receipts of a municipally owned and operated public utility to the extent of gross receipts derived from business done outside the limits of the municipality. Prior to the amending Act of 1959 the situation was as follows: all utilities of the specified types were taxable on total gross receipts except municipally owned and operated utilities of the specified types were taxable only on gross receipts from business done outside the municipal boundaries. Gas companies were not one of the specified types.

The Act of 1959 amended the statute in two important respects. First, it extended the list of specified taxable companies to include gas companies. Second, it amended the provision concerning municipal utilities to read as follows: "This act shall be construed to apply to municipalities, and to impose a tax upon the gross receipts derived from any municipality owned or operated public utility or from any public utility service furnished by any municipality, except that gross receipts from other than sales of gas shall be exempt from the tax, to the extent that such gross receipts are derived from business done inside the limits of the municipality, owning or operating the public utility or furnishing the public utility service."

Appellants argue (1) that the Act of 1959 is unconstitutional because it (a) draws an unreasonable and arbitrary classification in violation of Article IX, §1, of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution and (b) violates the prohibition against local or special laws contained in Article III, §7, of the Pennsylvania Constitution; (2) under the interpretation of the court below that a municipally owned *and* operated public utility is not taxed by the Act, Gas Works is municipally owned *and* operated and its receipts are not taxable; (3) the Act in no event taxes municipal utilities of any kind.

The last of these contentions is based upon a reading of the statute and its legislative history. Appellants say that prior to 1924 the gross receipts of municipal utilities were never considered taxable under the Act of 1889, that the amendment of 1925 simply declared existing law and was enacted following an opinion of the attorney general on October 23, 1924, 5 Pa. D. & C. 754, that gross receipts of municipal utilities were taxable under the Act of 1889, that nothing has ever been enacted to include municipal utilities within the purview of the Act except the "construing" clause and that this "construing" language does not in itself impose a tax.

The Commonwealth answers this by stating that the Act of 1889 did apply to gross receipts of municipal utilities prior to 1925 (citing the attorney general's opinion of October 23, 1924) and that the subsequent amendments by the "construing" clause provided only for exemptions. Unfortunately, the stipulation of facts which supplies the evidentiary background in this case does not provide information regarding the taxation of other municipal utilities. For example, if these utilities are taxable, electric and water utilities should pay on gross receipts derived from business done outside the limits of the municipality in accordance with the "construing" clause. If they are not taxable, however, none of their gross receipts are subject to the measure of the tax and the "construing" clause is meaningless. Despite this factual omission, we are inclined to the view that the Act of 1889 imposed tax on municipal enterprises and that the attorney general's opinion is a correct interpretation of the statute. The "construing" clause, therefore, deals only with exemptions.

Second, the court below held that municipally owned *and* operated utilities are not taxable while municipally owned *or* operated utilities are taxable. After

the 1935 amendment and prior to the 1959 amendment, assuming that the Act of 1889 taxed municipal utilities and that the "construing" clause provided an exemption, municipal utilities were not taxable on any gross receipts except those derived by a municipally owned *and* operated utility from business done outside the municipal limits. The lower court believed that municipally owned *and* operated utilities were never taxable prior to 1935 and that the 1925 amendment was declaratory of existing law. In this, it erred. The 1925 amendment exempted municipally owned *and* operated utilities, and the 1935 amendment partially withdrew this exemption. The amending Act of 1959 did not continue the exemption. It abrogated it and restored all utilities either owned *or* operated by a municipality to taxable status except that municipally owned or operated utilities other than gas utilities were given an exemption to the extent of gross receipts from business done within the municipal limits. Obviously a municipal utility both owned *and* operated by the municipality is within the taxable category of utilities either owned *or* operated by a municipality.

Therefore, appellants' attempt to exempt Gas Works is unavailing. Regardless of whether Philadelphia "owned *and* operated" or "owned *or* operated" Gas Works, the Act imposes tax. Similarly, the Commonwealth's argument for this conclusion is correct although its appending to its brief the returns of the Chambersburg, Pennsylvania, Gas Works to show that Pennsylvania's only (as stipulated) municipally owned *and* operated gas works has been paying tax on its gross receipts is an improper attempt to introduce evidentiary material into the record after the record has been closed.

We come, then, to appellants' contention that the amendment of 1959 is unconstitutional in its application to Gas Works. Their basic contention is that the

legislative classification is arbitrary. They agree that a classification between gas companies on the one hand and electric companies on the other would be valid in light of the differences between these two types of utilities, differences of which the lower court took judicial notice. They agree, also, that a classification based upon the differences between private utilities and municipal utilities would be proper. But, they contend, those factors which reasonably separate gas companies from electric companies are not the basis of the classification here because the act taxes both gas and electric companies; no general distinction is made. The only general classification is one which exempts municipal utilities (to the extent of receipts from business inside the municipality) from the tax while not exempting private utilities. The subsequent exception of municipal gas companies from this exemption is based, they state, on no facts which justify it since the distinctions between gas and other companies apply equally to both municipal and private companies; and private non-gas companies are not treated the same as municipal non-gas companies. In other words, while there may be a valid distinction between *all* gas companies and *all*, e.g., electric companies, there is none peculiar to *municipal* gas companies only as opposed to *municipal* electric companies.

The general principles of classification have been stated often. Classification is a legislative matter. If the distinction between who or what is taxed and who or what is not taxed is reasonable, is not capricious or arbitrary, rests upon reasonable consideration of differences of policy and bears a reasonable and just relation to the act in respect to which it is proposed, the courts will not disturb it. *Pennsylvania Company, etc., Trustee Case*, 345 Pa. 130, 27 A. 2d 57 (1942) ; *Commonwealth v. Girard Life Insurance Co.*, 305 Pa. 558, 158 Atl. 262 (1932). Under these principles we have

sustained a great variety of classifications. See *Coe v. Duffield,* 185 Pa. Superior Ct. 532, 138 A. 2d 303 (1958) and opinions cited therein.

The fact that a single statute may classify more than once does not invalidate it if each of the classifications is reasonably related to the statutory purpose. Thus, in *Commonwealth v. Girard Life Insurance Co.,* supra, where we sustained a tax upon the gross premiums of domestic insurance companies other than mutual companies, the Act of May 6, 1925, P. L. 526, there in question continued the tax on all foreign companies, both stock and mutual. We had previously upheld the taxation of foreign companies to the exclusion of domestic companies. *The Germania Life Insurance Co. of New York v. Commonwealth of Pennsylvania,* 85 Pa. 513 (1877). Valid purposes, reasonably related to the object of the gross premiums tax statute, existed for sustaining such a dual classification; and our only inquiry here is whether such purposes can be found in the pattern established by the 1959 amendment to the gross receipts tax act.

Unfortunately, the factors distinguishing gas from electric companies of which the lower court took judicial notice and which appellants agree are real differences do not overly impress us as differences calling for different tax treatment albeit they might easily sustain different regulatory treatment. Equally unfortunate is the lack of factual data on this subject in the stipulation agreed to by the parties. Because of these factors in the case and because we find it difficult to resolve the constitutional question in view of contemporary uses of electricity and gas (*Commonwealth v. Germania Brewing Co.,* 145 Pa. 83, 22 Atl. 240 (1891) is inadequate to resolve the issue as to gas companies today in light of 72 years of growth), we shall remand the proceeding for the presentation of further factual data which will enable the court be-

low to resolve the problem. If, indeed, real differences reasonably related to a different tax policy exist between electric and gas companies, then the statute must be sustained even though it taxes only a sub-class of gas companies—municipal gas works.

Finally, we add that we find no merit in appellants' other contention that the Act of 1959 is unconstitutional local or special legislation. The Act is a general one, of statewide application; it does not single out Philadelphia alone for taxation. In fact, since the Chambersburg Gas Works, too, is taxable, the generality of the Act is apparent. Appellants' reliance upon *Commonwealth ex rel. Brown v. Gumbert,* 256 Pa. 531, 100 Atl. 990 (1917), is misplaced, not only for the reason just stated but because the special factual situation there involved is not present here.

The decree of the court below is vacated and the case remanded to the court below for further proceedings consistent herewith.