## Commonwealth of Pennsylvania v. Fred W. Staley and Barbara K. Staley, Appellants.

Argued June 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John D. Rively,* for appellants.

*Donald J. Murphy*, Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, September 9, 1975:

This appeal by Fred W. Staley and Barbara K. Staley (appellants) is from a decision of the Board of Finance and Revenue (Board) which refused their petition for review of the decision of the Department of Revenue (Department), denying their request for reassessment of their 1971 Pennsylvania personal income tax.

The facts in this case, which are not in dispute, reveal that during 1971 Fred Staley was employed by the Prudential Insurance Company of America pursuant to an agency contract that required him, as an insurance agent, to pay all of his business expenses out of his own funds.

Appellants filed a joint return in 1971 showing Barbara Staley's income to be $3,381.61 (from which $54.65 of state income tax had been withheld) and Fred Staley's income to be $5,143 (from which $100.73 of state income tax had been withheld). Appellants computed seven-twelfths of Fred Staley's business expenses, which included the use of an automobile, postage, telephone, etc., and claimed that amount of $1,981 as a reduction in appellants' gross income.[1]

Appellants submitted their gross income as being $6,543, computed the Pennsylvania tax as being $150, and requested a refund of $5. The Department refused to allow the deduction for business expenses, concluded that there was taxable income of $8,524, a tax of $196, and therefore issued an assessment for the approximately $41 yet due.

Timely requests for review were refused by the Department and Board, and appellants now properly bring

---

1. The effective date of the applicable sections of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7101 et seq. (Code), was June 1, 1971. This accounts for appellants' use of a seven-month taxable year.

before this Court two issues fundamental to their claim and admittedly of great importance to many taxpayers in this Commonwealth.

As a background to this proceeding, we should first note that Section 302 of the Code, *added by* Section 4 of the Act of August 31, 1971, P. L. 362, imposed an annual tax of two and three-tenths percent on the privilege of receiving income described in Section 303 of the Code. Section 303 provided, and continues to provide, where pertinent to this discussion (see 72 P.S. §7303), in part:

"Classes of Income.— (a) The classes of income referred to above are as follows:

"(1) Compensation. All salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips and similar remuneration received for services rendered whether directly or through an agent and whether in cash or in property."

Section 301 (d) of the Code, which has been amended since August of 1971 (see 72 P.S. §7301 (d) ), but which has not been changed in any way that might vary our discussion, defined the term "compensation":

"(d) 'Compensation' means and shall include salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips and similar remuneration received for services rendered, whether directly or through an agent, and whether in cash or in property.

"The term 'compensation' shall not mean or include: (i) periodic payments for sickness and disability other than regular wages received during a period of sickness or disability; or (ii) disability, retirement or other payments arising under workmen's compensation acts, occupational disease acts and similar legislation by any government; or (iii) payments commonly recognized as old age or retirement benefits paid to persons retired from service

after reaching a specific age or after a stated period of employment; or (iv) payments commonly known as public assistance, or unemployment compensation payments by any governmental agency; or (v) *payments to reimburse actual expenses;* or (vi) payments made by employers or labor unions for programs covering hospitalization, sickness, disability or death, supplemental unemployment benefits, strike benefits, social security and retirement." (Emphasis added.)

With these statutory provisions in mind, we move to appellants' first contention, that the language of the above provisions should be construed to exclude unreimbursed business expenses from taxable income.[2] This cannot be done.

A fundamental rule of statutory construction can be found in 1 Pa. C.S. §1903, added by the Act of December 6, 1972 (P. L. 1339, No. 290), §3, wherein it is provided that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage. . . ."

We also note that, in ascertaining the legislative intent, the courts may be guided by the presumption that the Legislature does not intend a result that would be absurd, unreasonable or impossible of execution. *Speers Borough School District v. Commonwealth of Pennsylvania,* 383 Pa. 206, 117 A.2d 702 (1955). A statute must be given its plain and obvious meaning. *Commonwealth v. Przychodski,* 177 Pa. Superior Ct. 203, 110 A.2d 737 (1955).

Clearly, the term of exclusion "payments to reimburse actual expenses" cannot form a basis for deducting

---

2. Both the Commonwealth and the appellants seem to proceed on the premise that the word "business" should be read into the phrase "payments to reimburse actual expenses" to create the phrase "payments to reimburse actual business expenses." We agree, since otherwise the phrase would have no real discernible meaning. *See Commonwealth v. Peoples,* 345 Pa. 576, 28 A.2d 792 (1942).

appellants' expenses from income. The word "payments" in this provision is necessarily limited to payments made to the taxpayer by another for reimbursement purposes. We cannot hold that the General Assembly's use of the word "reimburse" was merely a superfluous gesture. Neither can we hold that the statutory framework of *excluding* reimbursed expenses from income, rather than allowing the *deduction* of such expenses from income was a legislative drafting mistake. What we do hold is that the provision is clear on its face and cannot be altered to meet the appellants' interpretation.

Fred Staley's commissions as an insurance agent were paid by the insurance company for the services that he rendered. They were therefore subject to tax under Section 303 (a) (1) of the Code. These commissions were not and in fact could not be considered as reimbursements for expenses because of the agency contract with the employer which precluded reimbursement for actual expenses.[3]

Having concluded that the applicable provisions of the Code, under these facts, do not grant to these taxpayers a right to deduct the husband's business expenses from his income, we must advance to appellants' principal contention, that this alleged disparity of treatment under the Code, the exemption of business expenses if reimbursed and the refusal to allow the deduction of business expenses if not reimbursed, is unconstitutional under the uniformity clause of the Pennsylvania Constitution.

Of course, it is well recognized that "the burden rests heavily upon the party seeking to upset legislative action on constitutional grounds; all doubt is to be resolved in favor of sustaining the legislation." *Milk Control Com-*

---

3. The employment relationship precludes the employe appellant from availing himself of the provisions of Section 303 (a) (2) of the Code, pertaining to net income from the operation of a business after deduction for all costs and expenses incurred in the conduct thereof.

*mission v. Battista,* 413 Pa. 652, 659, 198 A.2d 840, 843 (1964). Further, an act of the General Assembly will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. *Id.*

Keeping in mind these fundamental principles of law, we note that Article VIII, Section 1, of the Pennsylvania Constitution, the uniformity clause, provides as follows:

> "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

A succinct summary analysis of this constitutional restriction can be found in our recent case of *School District of Philadelphia v. W. T. Grant Corp.,* 19 Pa. Commonwealth Ct. 402, 339 A.2d 628 (1975), wherein President Judge BOWMAN, speaking for this Court, stated:

> "This clause affixes two conditions precedent to the enforceability of all Pennsylvania tax provisions: (1) the classification of taxpayers subject to a specified tax must be reasonable; and (2) the tax itself must be applied equally within the designated class. If either condition fails, the tax is unenforceable for want of uniformity." 19 Pa. Commonwealth Ct. at 407, 339 A.2d at 631.

*See also Saulsbury v. Bethlehem Steel Company,* 413 Pa. 316, 196 A.2d 664 (1964).

We find that the classification of those taxpayers to whom the personal income tax is applicable under Section 302 (a) of the Code, namely, all resident individuals, estates or trusts, is clearly reasonable. Having found that there is a reasonable classification of taxpayers subject to the personal income tax, our discussion is necessarily limited to a determination of the equality of application of the tax within the designated class of individual taxpayers who incur business expenses.

Appellants, of course, assert the proposition that the Code's failure to allow for the deduction of business

expenses, when it specifically provides for the exclusion of reimbursed business expenses, creates a disparity of treatment among similar taxpayers within a designated class.

This allegation can be easily explained by a hypothetical situation involving two insurance-agent taxpayers, A and B, who both receive $10,000 a year in commissions (taxable income) and who both incur $3,000 a year in actual business expenses. Agent A, whose contract with his employer creates a right to reimbursement, finishes the year with $10,000 in gross spendable income, whereas Agent B, who has no right to reimbursement, finishes the year with only $7,000 in gross spendable income.

Unfortunately for appellants, uniformity does not here concern itself with the amount of a taxpayer's *spendable income* at the close of a taxable year but rather with the equal application of a tax upon a base of *taxable income* to a class of taxpayers. See *Turco Paint & Varnish Company v. Kalodner*, 320 Pa. 421, 184 A. 37 (1936). The $10,000 tax base in our hypothesis is the same for both A and B. The Constitution requires uniformity "upon the same class of subjects." This tax base provides that uniformity.

If, on the other hand, the General Assembly had provided the Code with provisions allowing various taxpayers to deduct from their income different individual business expenses according to their occurrence within some arbitrary formula, such provisions might have violated the uniformity rules and invoked the same constitutional strictures that invalidated the original income tax act in *Amidon v. Kane*, 444 Pa. 38, 279 A.2d 53 (1971).

Additionally, we note that *exclusions* from taxation have long been recognized as valid under the Pennsylvania Constitution as long as they are not in reality disguised methods of shifting the burden of taxation within a class or of creating an artificial class. *Jones and Laugh-*

*lin Tax Assessment Case,* 405 Pa. 421, 175 A.2d 856 (1961).

Even if we would here accept appellants' proposition that the exclusion granted in Section 301 (d) of the Code necessarily relates to the subject matter to be taxed and therefore creates of reimbursed business expenses a separate class of income, this classification system is still valid.

As was said by Mr. Justice EAGEN, speaking for the Supreme Court in *Jones and Laughlin Tax Assessment Case, supra:*

"Section 1 of Art. IX of the Pennsylvania Constitution provides that all taxes shall be uniform upon the same class of subjects. *Classification is an integral part of any discussion of uniformity. It is in fact the basis of uniformity. Classification is a legislative determination and so long as there is a valid basis for the classification, it will be sustained.* As was stated in Coe v. Duffield, 185 Pa. Superior Ct. 532, 535, 138 A.2d 303 (1958) : 'In the legitimate exercise of the power of taxation, persons and things have been, and may constitutionally be, classified. The selection of the subjects for taxation, their classifications, and the method of collection are legislative matters. Durach's Appeal, 62 Pa. 491, 494 (1870) ; Commonwealth v. Del. Div. Canal Co., 123 Pa. 594, 620, 16 A. 584 (1889). *Classification for the purpose of taxation may be based on the existence of differences recognized in the business world, on the want of adaptability of the subjects to the same method of taxation, upon the impracticability of applying to them the same methods so as to produce justice and reasonably uniform results, or upon well grounded considerations of public policy.* Heisler v. Thomas Colliery Co., supra, 274 Pa. 448, 118 A. 394 (1922). In the aforesaid case the Supreme Court quoted with approval from White on the Constitution of Pennsylvania, p. 379-380, as fol-

lows: "In short, the Constitution having delegated to the legislature the power to classify persons and property for purposes of taxation it may select any reasonable basis upon which to make the classification, and may create as many classes as it may in its discretion decide upon, subject always to the limitation that it must exercise good faith and must not make arbitrary and unjust distinctions." ' Then, at 537, Judge WOODSIDE summarized some recognized distinctions in taxation as follows: 'It was argued that land is land, ice is ice, gas is gas and coal is coal, but the legislature was permitted to tax differently seated and unseated land, natural ice and artificial ice, natural gas and manufactured gas, anthracite coal and bituminous coal. Heisler v. Thomas Colliery Co., supra, 274 Pa. 448, 455, 118 A. 394 (1922). The courts have sustained the classification for tax purposes of the strip mining of coal from the deep mining of coal, and also from the similar mining or quarrying of other substances. Du Four v. Maize, 358 Pa. 309, 313, 319, 56 A.2d 675 (1948); Dunkard Twp. School Tax Case, 359 Pa. 605, 610, 60 A.2d 39 (1948). Life insurance companies have been legally classified into stock and mutual companies for the purpose of taxation. Commonwealth v. Girard Life Insurance Co., supra, 305 Pa. 558, 158 A. 262 (1932). Retailers and wholesalers have been taxed differently without offending the Constitution. Knisely v. Cotterel, 196 Pa. 614, 46 A. 861 (1900); Allentown School District Mercantile Tax Case, supra, 370 Pa. 161, 87 A.2d 480 (1952). Classification has been upheld between corporate owners of taxicabs and individual owners; Commonwealth v. Quaker City Cab Co., 287 Pa. 161, 134 A. 404 (1926), reversed on another point in Quaker City Cab Co. v. Pa., 277 U.S. 389, 48 S. Ct. 553, 72 L. Ed. 927, foreign insurance companies and domestic insurance companies, Germania Life Insur-

ance Co. v. Commonwealth, 85 Pa. 513 (1877) ; money owed by individuals and money owed by corporations, Fox's App., 112 Pa. 337, 4 A. 149 (1886) ; stock in trust companies and stock in other associations, Commonwealth v. Mortgage Trust Co., 227 Pa. 163, 177, 76 A. 5 (1909). An ordinance imposing a tax upon the gross receipts of open parking lots, but not upon enclosed parking places was upheld in Philadelphia v. Samuels, 338 Pa. 321, 12 A.2d 79 (1940) as a constitutional classification.' " 405 Pa. at 433-35, 175 A.2d at 862-63 (emphasis added).

Therefore, it is obvious that any alleged classification concerning reimbursed business expenses can be validly premised upon the impracticality of adapting the differences in employe-employer contractual relationships, the fact of distinct and widely varying differences of control and methods of compensation of employes in the business world, and the desire for producing a reasonably fair result.

Where a reasonable basis for differently treating the various classes of excluded property exists, the wisdom of the legislative policy of taxing one class and not another is not a matter for the courts. *Commonwealth v. Lafferty*, 426 Pa. 541, 233 A.2d 256 (1967).

### ORDER

AND NOW, this 9th day of September, 1975, the appeal of Fred W. Staley and Barbara K. Staley from the May 30, 1974 order of the Board of Finance and Revenue is hereby dismissed, and judgment is entered in favor of the Department of Revenue in the amount of $40.67.