**SUSQUEHANNA COAL COMPANY,**

v.

**MOUNT CARMEL AREA SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 8, 2002.

Decided May 17, 2002.

---

J. David Smith, Williamsport, for appellant.

William C. Cole, Kultmont, for appellee.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

**OPINION BY President Judge COLINS.**

Mount Carmel Area School District appeals from an order of the Court of Common Pleas of Northumberland County that found invalid a 10% tax imposed by the School District on the rental income derived from leases on unimproved land. We reverse the trial court.

In June of 1989 Susquehanna Coal Company sought a declaratory judgment declaring the newly enacted rental income tax invalid. Interlocutory orders have been appealed to us twice. The last time this case was before us the trial court had granted the School District's demurrer, finding that the tax was not double taxation, did not violate due process and equal protection and did not create an arbitrary classification. On April 15, 1997 the trial court granted the School District's summary judgment motion on the remaining issue of the reasonableness of the tax classification under the uniformity clause of the Pennsylvania Constitution.[1] In reaching that decision the trial court relied in part on our decision in *City of Harrisburg v. School District of the City of Harrisburg,* 675 A.2d 758 (Pa.Cmwlth.1996) (*Harrisburg I* ). By the time the case reached us on appeal we had been reversed by our Supreme Court in *City of Harrisburg II,* 551 Pa. 295, 710 A.2d 49 (1989) (finding that a tax was unreasonable because it distinguished between lessees of public and nonpublic property without a reasonable and just basis for the distinction)[2]. Therefore, we vacated and remanded with instructions "to dispose of the matter on the merits in light of the Pennsylvania Supreme Court decision in *City of Harris-*

---

**1.** Article VIII, § 1 of the Pennsylvania Constitution provides:

All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

**2.** The specific facts of *Harrisburg II* do not apply to the case before us.

*burg II* and to specifically dispose of the School District's Counterclaim [for damages]."

The matter was heard on remand by a different judge than the one that had granted the demurrer. The new judge interpreted our remand order far too broadly when he denied the School District's motion in limine to limit the issues on remand to those surviving the demurrer and tried *all* the issues, effectively reversing the previous trial court's ruling on the demurrer. The result of the subsequent trial was a decision in favor of Susquehanna Coal finding that the tax was invalid. The School District brought this appeal.

This tax on the rental income of unimproved land was in effect for only three years. At least three entities other than Susquehanna Coal were subject to the tax in that they owned unimproved land in the school district but only Susquehanna Coal leased its land and was, therefore, liable for the tax.

The only issue that was to be decided on remand was the issue that had survived the demurrer, whether the tax classification was reasonable because only one taxpayer was subject to the tax and that is the only issue considered here.

The trial court in addressing reasonableness cited Article VIII, Section 1 of the Pennsylvania Constitution and *City of Harrisburg II* and stated in its opinion

The case at bar *contains no relevant group of taxpayers* but only one taxpayer, and although it could be stated that the tax uniformly falls on the shoulders of one taxpayer, this does not appear to be within the intent of the above stated law and Constitution. Where, as in case at bar, there exists only one taxpayer under the tax, it must be concluded that "the tax scheme imposes [a] substantially unequal tax burden[] upon [the] per-

son[] otherwise similarly situated, [and] the tax is unconstitutional" *City of Harrisburg II,* supra. And the classification is unreasonable." *Id.,* supra." (emphasis and brackets in original).

(trial court opinion at 5)

The trial court's reliance on *Harrisburg II* is misplaced. *Harrisburg II* deals with a tax distinguishing between lessors of public and private land. That distinction and the Supreme Court's reasoning based on it are not controlling.

In analyzing this case the trial court failed to make the distinction between those entities or properties subject to a tax and those actually liable for paying a tax. The relevant class of taxpayers subject to tax in this case was comprised of several owners of unimproved land in the Mount Carmel Area School District. The only one liable for the tax was Susquehanna Coal because it was the one member of the class that engaged in a taxable activity by leasing its unimproved land.

 The fact that only one member of a class is liable for a tax because only that member engages in a taxable activity, or even because it is the sole member of its class does not, in and of itself, invalidate a tax. The mere fact that a local tax is imposed upon one person or business does not make the tax illegal or unconstitutional. *Coe v. Duffield,* 185 Pa.Super. 532, 138 A.2d 303 (1958) citing *English v. Robinson Township School District,* 358 Pa. 45, 55 A.2d 803 (1947) (local amusement tax was not unconstitutional simply because there was only one entity subject to tax). The standard of reasonableness cited in *Coe* is that "[t]he legislating body may create as many classes as it may in its discretion decide upon, subject only to the limitation that it must exercise good faith and must not make arbitrary and unjust distinction." 138 A.2d at 307 (citing *Heisler v. Thomas*

*Colliery Co.*, 274 Pa. 448, 118 A. 394 (1922), affirmed, 260 U.S. 245, 43 S.Ct. 83, 67 L.Ed. 237 (1922)).

The tax imposed in this matter was reasonable. Had any other member of the class of owners of unimproved land chosen to rent its property they too would have been liable for the tax. We find nothing arbitrary or unjust in the classification and no allegation has been made that the taxing authority acted in bad faith.

Accordingly, we reinstate the original trial court order regarding the preliminary objections filed in this matter; vacate the trial court's opinion and order as it may apply to the issues originally dismissed on preliminary objections; reverse the trial court on the issue of reasonableness, finding the tax to be valid; and we remand this matter to the trial court solely for a calculation of the tax due the School District on its counterclaim, a determination of the validity of the penalty provision in the original tax ordinance and for a determination of the amount of penalty due if that provision is found to be valid. These matters are the only ones that the trial court shall consider on remand.

### ORDER

AND NOW, this 17th day of May 2002, it is ordered that (a) the original trial court order regarding the preliminary objections filed in this matter is reinstated; (b) the trial court's opinion and order as it may apply to the issues originally dismissed on preliminary objections is vacated; (c) the trial court's order is reversed on the issue of reasonableness; and (d) that the tax is found to be valid.

It is further ordered that this matter is remanded to the trial court solely (a) for a calculation of the tax due the School District on its counterclaim, (b) for a determination of the validity of the penalty provision in the original tax ordinance, and (c)

for a determination of the amount of penalty due if that provision is found to be valid.

It is ordered that these matters are the only ones that the trial court shall consider on remand.