**LYNNEBROOK AND WOODBROOK ASSOCIATES, a Pennsylvania Limited Partnership, by and through its general partner, LYNNEBROOK MANOR, INC., Appellant**

v.

**BOROUGH OF MILLERSVILLE.**

Commonwealth Court of Pennsylvania.

Argued June 9, 2006.

Decided July 12, 2006.

Publication Ordered Oct. 24, 2006.

Lee A. Stivale, Media, for appellant.

Josele Cleary, Lancaster, for appellee.

BEFORE: COHN JUBELIRER, Judge, SIMPSON, Judge, McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Lynnebrook and Woodbrook Associates (Taxpayer) appeal from an order of the Court of Common Pleas of Lancaster County (trial court), granting Millersville

Borough's (Borough) motion for judgment on the pleadings and denying Taxpayer's motion for judgment on the pleadings. We affirm.

On October 12, 2005, the Borough enacted Ordinance No.2004–05 (Ordinance), which added a new residential rental tax. Section 604 of the Ordinance stated as follows:

A tax is hereby levied and imposed, for general Borough purposes, on every Lease transaction, at the rate of thirty ($30.00) dollars.

(1) The foregoing tax shall be levied upon all Lease Transactions which authorize a person to be an Occupant of a Residential Rental Unit on or after January 1, 2005, regardless of when such person or persons commenced occupancy of the Residential Rental Unit.

(2) No tax shall be imposed more than once each calendar year on Lease Transactions involving the same individual Residential Rental Unit.

(Taxpayer's brief, Appendix B, Ordinance at 3). Pursuant to Section 603 of the Ordinance, a lease transaction is defined as follows:

[A] transaction under which an Owner, either directly or through an agent of such Owner, and any other person or persons enter into an agreement under which such person or persons is/are allowed to become Occupant(s) of a Residential Rental Unit for a period equal to or less than one year. Each year of a multi-year lease or other agreement allowing occupancy of a Residential Rental Unit shall be considered a separate lease transaction.

(Taxpayer's brief, Appendix B, Ordinance at 3).

Taxpayer is the owner of multi-family apartment buildings within the Borough.

The buildings have one hundred and seventy-eight residential units and the units are leased to residential tenants.

Taxpayer filed a declaratory judgment action against the Borough, alleging that the Ordinance was not valid and requesting a refund of taxes paid. Taxpayer alleged that the Borough was prohibited from taxing leases and that the Ordinance was not constitutionally sound.

The Borough filed an answer to the request for declaratory judgment and then filed a motion for judgment on the pleadings. The Borough requested that the trial court determine, as a matter of law, that the Ordinance was valid. Taxpayer also filed a motion for judgment on the pleadings. It requested that the trial court determine, as a matter of law, that the Ordinance was invalid and unconstitutional.

Pursuant to Section 2 of the Local Tax Enabling Act (LTEA),[1] a political subdivision is prohibited from levying a tax on a listed number of transactions. Taxpayer alleged that Section 2 of the LTEA prohibits the Borough from taxing leases. In support of this claim, Taxpayer pieced together a small portion of Section 6902(1). The Borough requested that Section 6902(1) be considered as a whole. As such, Section 6902(1) is stated in its entirety. The following transactions are prohibited:

(1) To levy, assess and collect or provide for the levying, assessment and collection of any tax on the transfer of real property when the transfer is by will or mortgage or the intestate laws of this Commonwealth or on a transfer by the owner of previously occupied residential premises to a builder of new residential premises when such previously occupied

---

**1.** Act of December 31, 1965, P.L. 1257, No. 511, *as amended,* 53 P.S. § 6902.

residential premises is taken in trade by such builder as part of the consideration from the purchaser of a new previously unoccupied single family residential premises or on a transfer between corporations operating housing projects pursuant to the housing and redevelopment assistance law and the shareholders thereof, or on a transfer between nonprofit industrial development agencies and industrial corporations purchasing from them, or on transfer to or from nonprofit industrial development agencies, or on a transfer between husband and wife, or on a transfer between persons who were previously husband and wife but who have since been divorced; provided such transfer is made within three months of the date of the granting of the final decree in divorce, or the decree of equitable distribution of marital property, whichever is later, and the property or interest therein, subject to such transfer, was acquired by the husband and wife, or husband or wife, prior to the granting of the final decree in divorce, or on a transfer between parent and child or the spouse of such a child, or between parent and trustee for the benefit of a child or the spouse of such child, or on a transfer between a grandparent and grandchild or the spouse of such grandchild, or on a transfer between brother and sister or brother and brother or sister and sister or the spouse of such brother or sister, or on a transfer to a conservancy which possesses a tax-exempt status pursuant to section 501(c)(3) of the Internal Revenue Code, [FN1] and which has as its primary purpose the preservation of land for historic, recreational, scenic, agricultural or open space opportunities, by and between a principal and straw party for the purpose of placing a mortgage or ground rent upon the premises, or on a correctional deed without consideration, or on a transfer to the United States, the Commonwealth of Pennsylvania, or to any of their instrumentalities, agencies or political subdivisions, by gift, dedication or deed in lieu of condemnation, or deed of confirmation in connection with condemnation proceedings, or reconveyance by the condemning body of the property condemned to the owner of record at the time of condemnation which reconveyance may include property line adjustments provided said reconveyance is made within one year from the date of condemnation, *leases,* or on a conveyance to a trustee under a recorded trust agreement for the express purpose of holding title in trust as security for a debt contracted at the time of the conveyance under which the trustee is not the lender and requiring the trustee to make reconveyance to the grantor-borrower upon the repayment of the debt, or a transfer within a family from a sole proprietor family member to a family farm corporation, or in any sheriff sale instituted by a mortgagee in which the purchaser of said sheriff sale is the mortgagee who instituted said sale, or on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee.

53 P.S. 6902(1) (Emphasis added). A close reading of Section 6902(1) shows that it includes the word "leases." Taxpayer argued that this prohibits imposition of a tax on all "leases."

The trial court disagreed with Taxpayer. The trial court found that LTEA prohibited the imposition of a tax on the transfer of real property, where the transfer was made to specific persons and the transfer was made in a specific manner. However, a tax upon "leases" in general was not prohibited, only leases that were made in the manner as described by the statute.

Taxpayer further alleged that the Ordinance was unconstitutional in that it did not uniformly apply to all leases, only residential lease agreements. The trial court held that Taxpayer had failed to establish that the Ordinance violated Article VIII, Section 1 of the Pennsylvania Constitution, commonly referred to as the uniformity clause. Accordingly, the trial court granted the Borough's motion for judgment on the pleadings and dismissed Taxpayer's claim.

■ Taxpayer now appeals to this Court.[2] Taxpayer's first allegation is that the trial court erred in finding that LTEA did not prohibit a tax upon the leasing of real property.

■ When construing the meaning of a statute, a court is to attempt to give effect to the statute as a whole. 1 Pa.C.S. § 1921(a). "General words shall be construed to take their meanings and be restricted by preceding particular words." 1 Pa.C.S. § 1903(b). Pursuant to the doctrine of *ejusdem generis*, "where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated." *McClellan v. Health Maintenance Organization of Pa.*, 546 Pa. 463, 473, 686 A.2d 801, 806 (1996).

■ Moreover, statutes exempting persons or property from taxation are to be strictly construed. 1 Pa.C.S. § 1928(b)(5). The burden of establishing an exception from taxation rests with the taxpayer. *City of Harrisburg v. School District of the*

*City of Harrisburg*, 551 Pa. 295, 710 A.2d 49 (1998).

■ A reading of Section 6902(1) establishes that Taxpayer has failed to show that LETA prohibits the imposition of a tax on leases of residential units. Section 6902(1) prohibits a tax on the transfer of real property, when the transfer is made in certain defined ways, to certain defined entities. Taxpayer does not allege that its residential lease agreements include a transfer to any specific person or in any specific manner as identified in Section 6902(1). Also, Section 6902(1) applies to the "transfer of real property." The present case does not involve the transfer of any real property. Rather, Taxpayer merely provided the occupants of its residential units with a right of possession for a limited period of time via the lease agreements. Taxpayer does not provide us with any definition of "transfer of real property" which would encompass its residential lease agreements.

Additionally, in *City of Harrisburg*, the Pennsylvania Supreme Court determined that a school district had the authority to tax the privilege of leasing public property. The school district had imposed the tax pursuant to LTEA.[3] This Court has also determined that a school district had the authority to tax rental income from leases on unimproved land. *See Susquehanna Coal Company v. Mount Carmel Area School District*, 798 A.2d 321 (Pa.Cmwlth. 2002), *petition for allowance of appeal denied*, 570 Pa. 691, 808 A.2d 574 (2002).

Taxpayer next alleges that the Borough's selective taxation of only residential

---

2. In an appeal from the granting of a motion on the pleadings, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Newberry Township v. Stambaugh*, 874 A.2d 734 (Pa.Cmwlth.2005).

3. While the Pennsylvania Supreme Court upheld the school district's authority to tax, the tax was found to violate the uniformity clause in that it impermissibly distinguished between leases of public and nonpublic property.

leases having a term of one year or less violates the uniformity clause. Taxpayer alleges that the Ordinance exempts leases of a term greater than one year from taxation. Thus, the Borough is inexplicitly exempting multiple year leases from taxation.

The uniformity clause provides that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const. Art. VIII, § 1.

We find this claim by Taxpayer to be a blatant misreading of the Ordinance. Section 603 of the Ordinance specifically defines a lease transaction and states that each year of a multiple year lease agreement is considered a separate lease transaction. As such, multiple years leases are not excluded from taxation. Taxpayer's misreading of the Ordinance was properly addressed by the trial court, which reached this same conclusion.

■ Taxpayer also claims that the Ordinance violates the uniformity clause by taxing residential real estate leases, but not taxing nonresidential real estate leases.

■ The Borough enacted the Ordinance to raise revenue for general governmental purposes. (R.R. at 14a). In its answer to the declaratory judgment action, the Borough states that it is reasonable to distinguish between residential and nonresidential property. However, the Borough does not state any reason for making such a distinction. Nevertheless, this Court has held that it is not the local authorities' obligation to provide a reason, as it is the taxpayer's burden to establish that no reasonable distinction exists between the classes. City of Allentown v. MSG Associates, Inc., 747 A.2d 1275 (Pa. Cmwlth.2000), appeal dismissed, 565 Pa.

174, 772 A.2d 413 (2001). Also, "[t]he taxpayer bears a heavy burden to demonstrate that the challenged tax classification is unreasonable." City of Harrisburg, 551 Pa. at 303, 710 A.2d at 53.

The Pennsylvania Supreme Court has stated as follows:

Under the equal protection clause, and under the Uniformity Clause, absolute equality and perfect uniformity in taxation are not required. In cases where the validity of a classification for tax purposes is challenged, the test is whether the classification is based upon some legitimate distinction between the classes that provides a non-arbitrary and 'reasonable and just' basis for the difference in treatment. Stated alternatively, the focus of judicial review is upon whether there can be discerned 'some concrete justification' for treating the relevant group of taxpayers as members of distinguishable classes subject to different tax burdens. When there exists no legitimate distinction between the classes, and, thus, the tax scheme imposes substantially unequal tax burdens upon persons otherwise similarly situated, the tax is unconstitutional.

Leonard v. Thornburgh, 507 Pa. 317, 321, 489 A.2d 1349, 1352 (1985).

The trial court concluded that Taxpayer did not meet its burden in establishing that the tax was unconstitutional. We must agree with the trial court's conclusion, as Taxpayer did not provide any reason as to why it was improper to differentiate between residential and nonresidential leases. In its brief, Taxpayer complains that the Borough has not provided any explanation for its actions. However, Taxpayer fails to recognize that it has the initial burden of establishing that a reasonable distinction does not exist and has failed to plead any facts in support of its claim.

Accordingly, the order of the trial court is affirmed.

Judge SIMPSON concurs in the result only.

### ORDER

AND NOW, this 12th day of July, 2006, the order of the Court of Common Pleas of Lancaster County is affirmed.